The City of Burlington v. The Putnam Insurance Company.

THE CITY OF .BURLINGTON V. THE PUTNAM INSURANCE COMPANY.

1. Taxation: INSURANCE COMPANIES. The annual premiums of an insurance company, being in the nature of an income, are not subject to taxation as personal property. Following *The City of Dubuque* v. *The Northwestern Mutual Life Insurance Co.*, 29 Iowa, 9.

2. Municipal corporation: BURLINGTON CITY: REPEAL OF CHARTER. The amendment to the charter of the city of Burlington (acts 4th Gen. Assem., ch. 49) empowering the city to grant or refuse licenses to insurance companies, was not repealed by section 38, chapter 138, acts twelfth general assembly, regulating the taxation to be imposed upon such companies.

3. —— EXERCISE OF LICENSE POWER. While it may be conceded that a power to license will not, under the guise thereof, authorize a city to impose taxation for revenue, yet the discretion of the city authorities in the imposition of such license will not be interfered with unless an abuse of such discretion is clearly shown.

4. —— GRADUATION OF RATES OF LICENSE: INSURANCE COMPANIES. A city possessing the power to license insurance companies may properly graduate the amount thereof in proportion to the income of the different companies.

5. —— METHOD OF IMPOSING LICENSE. The objection, that the rate imposed was by resolution of the city council instead of by ordinance, is not tenable, when it appears that such resolution was authorized by a prior ordinance which declared that there should "be levied and collected on every license granted" such sum as the city council by resolution might from time to time declare.

*Appeal from Des Moines District Court.*

SATURDAY, JANUARY 28.

THIS action is brought to recover certain license fees and assessments levied under the ordinances of the city of Burlington. A demurrer to the petition was sustained. Plaintiff appeals.

*Halls & Baldwin* for the appellant.

*T. W. Newman* for the appellee.

BECK, J. — By an amendment to the charter of the city of Burlington, the city council is empowered " to levy and collect taxes on all the real and personal property in said city, not exempt by the general law from taxation ;" and also " to grant or refuse licenses" to insurance companies, other than mutual companies, and " to require and receive for such licenses such sums of money as they may deem expedient and just." Acts, 4th Genl. Assem., ch. 49. By an ordinance of the city it is provided that " there shall be levied and collected on every license granted for any business or object herein specified, as follows : that sum which the city council shall, by resolution of record, from time to time, declare." The business of insurance is specified in the ordinance as subject to license. By a subsequent resolution of the city council it is declared that " insurance companies or agencies shall pay into the city treasury, quarterly, under oath, one per cent on their premiums, and, in addition thereto, the following sums for licenses. Those companies or agencies whose premiums amount to less than $500 shall pay $5 ; those whose premiums amount to $500, and less than $1,000, $10 ; those whose premiums amount to $1,000, and less than $1,500, $15 ; those whose premiums amount to $1,500 and over, $15." Under this

ordinance and resolution, defendant failing to pay the assessments therein authorized upon the receipt of premiums to the amount of $570, this action is brought to recover the same.

Defendant demurred to the petition on the grounds that the license and tax which plaintiff seeks to recover is not authorized by the laws of the State, and the ordinance and resolution set out in the petition are not sufficient to authorize the license and tax. There is another objection set out in the demurrer, but as it is not presented in argument in this court by counsel it need not be noticed in this opinion.

It is necessary to consider the assessment of one per centum upon the amount of premiums received, and the amount imposed for a license, separately.

1. It cannot be fairly claimed that the one per centum is a charge for license. The resolution authorizing the collecting of that sum expressly distinguishes the two. It in terms requires the payment of the one per centum, and then declares that there shall be collected "in addition thereto the following sums for licenses," specifying the amounts to be paid. The one per centum is clearly not required to be paid for or on account of the license. It is, then, an assessment in the nature of a tax. Is the city authorized to levy it? It may levy and collect taxes upon the real and personal property in the city, and this is the extent of its taxing power. It is a well-settled rule that taxes can be levied and collected by municipal corporations only, as the power is conferred upon them by the legislature; from that source they derive authority to levy taxes, and it must be exercised in the manner prescribed in their charters. The power conferred in this instance is to levy and collect taxes upon real and personal property. It is not pretended that the one per centum is levied on account of real estate owned by the defendant, but it is an assessment upon its income from premiums. This income cannot be considered as personal property, and is, therefore, not

liable to taxation as such. This point was ruled in *The City of Dubuque* v. *The Northwestern Mutual Life Ins. Co.*, 29 Iowa, 9.

The one per centum assessment is, in our opinion, unauthorized by the charter of the city.

II. The charge imposed for licenses will be now considered. The city is authorized to grant licenses and charge therefor such sums as it may deem expedient and just. It is argued by defendant's counsel that the charter, or rather the amendment thereto, so far as it bestows the power of imposing licenses upon insurance companies, is repealed by section 38 of chapter 138, acts twelfth general assembly, regulating the taxation to be imposed upon them; but the amended charter of the city, giving the licensing power, is, we conclude, not repealed by the act named, for the following reasons: The two acts do not relate to the same subject. The provision of the charter relates to the licensing of the insurance companies, and grants the power as a part of the police authority of the city. The section of the act cited, as repealing this provision, relates to the taxation of insurance companies. These acts, therefore, cannot be in conflict, and by no rule of construction can the last act be held to repeal, by implication, the authority conferred in the charter to license insurance companies. But it is said that the license issued by the city is for the purpose of revenue, and is, therefore, a tax. We will not determine the question whether, if it, in fact, amounts to a tax under the charter, the authority to levy it is taken away by the act providing for the taxation of insurance companies above referred to. We will dispose of the point raised upon a different view, and will not touch the question of repeal thus raised.

We may concede that a power to license will not authorize, under the guise of licenses, taxation for revenue; that 3. —— exercise licenses are a part of the police regulations of of taxing power. a city, and should be charged for as such, and only to such extent as may reasonably compensate the city

for issuing and enforcing the license, and for the care exercised by the city, under its police authority, over the particular person licensed. But who shall determine what sum is within these bounds? The charter of the city leaves this question with the city council, who are authorized to charge such sums "as they may deem expedient and just." The legislature evidently intended they should determine the proper sum to be charged for licenses. We must not be understood as holding that a court cannot, in any case, interfere if the sum charged should be clearly unjust or oppressive, or levied for the purpose of raising revenue. But in the case before us no such showing is made. We cannot say that the charges fixed by the council are not such as are necessary and proper compensation for the expense and enforcement of the license and the protection of defendant under police regulations connected with or growing out of the license. *The State, for the use, etc.*, v. *Herod*, 29 Iowa, 123.

It is urged that the charge for licenses are not the same upon all companies, but is varied to correspond with the income of the parties taking licenses. This is not a good objection. The right and power vested in the city to fix the charge would authorize them to vary it with different parties, as they may deem prudent and just. The difference in the charges appear to me to be based on just grounds. The city is authorized to license vehicles. It would be just that those of different capacities should be charged different sums. The same reason that would justify such course of dealings with vehicles supports the difference in charges for licenses to insurance companies.

*4.—— gradation of amount of license: insurance companies.*

It is objected that the license, or rather the charge for license, is fixed by the resolution instead of an ordinance. An ordinance of the city assumes the power to license derived from the legislature, and declares that licenses shall be taken by certain persons.

*5. —— method of imposing license.*

Here the authority to require license is brought into exercise, and the manner of its exercise provided for. The duty of taking licenses is also imposed upon the persons or classes of persons named. In the exercise of this authority the counsel are permitted to fix, from time to time, the amounts to be charged for licenses. The ordinance fixes the duty upon the citizen to take license, but leaves the price of the license to be determined in another manner. This is not in conflict with the city charter nor is it contrary to reason and right. It is analogous to the case of the legislature authorizing a State or county tax but leaving the census board or county authorities to fix the amount thereof.

The demurrer, so far as it was directed at the right of plaintiff to recover the one per centum upon the premiums of defendant, was rightly sustained, but the decision thereon against the power of the city to license and collect charges therefor, as provided in the ordinance and resolution of the city council, is erroneous. The judgment of the district court is therefore reversed and the cause will be remanded for further proceedings not inconsistent with this opinion.

<div align="right">Reversed.</div>