42   673<br>
95   626

THE CITY OF BURLINGTON v. BUMGARDNER.

1. **Constitutional Law**: TAXATION: LICENSE.  Under authority to license, taxes cannot be imposed, and the power to tax does not confer the authority to license, the objects to be attained in the exercise of these powers not being the same.

2. ———: POWER TO REGULATE: LICENSE.  The power to regulate does not confer authority to license.

*Appeal from Des Moines District Court.*

WEDNESDAY, APRIL 5.

THIS is an agreed case, and the only question presented in the record involves the right of the City of Burlington to license hotels and taverns kept within its limits.   There was a judgment in the court below for defendant.   Plaintiff appeals.

*Samuel K. Tracy*, for appellant.

*Thomas Hedge, Jr.*, for appellee.

BECK, J.—The right of the city to license hotels and taverns does not exist unless conferred by legislative enactment

of the state. This proposition is conceded by counsel for plaintiff. But he insists that the right is conferred by Code, § 463, which is in the following words: "They [the cities] shall have power to regulate or prohibit the sale of horses or other domestic animals at public auction on the streets, alleys or highways; to regulate, license and tax all carts, wagons, drays, coaches, omnibuses and every description of carriages which may be kept for hire; to regulate and tax taverns and houses for the public entertainment, and to regulate or prohibit the sale of intoxicating liquors not prohibited by the laws of the state." The power to license taverns, which the city claims it may exercise, counsel insists is found in that clause of this section which confers authority "to regulate and tax taverns and houses for the public entertainment."

I. The authority to license implies the power to prohibit, such being the meaning of the term. But it is now the gen-

1. CONSTITU-TIONAL law: taxation: license.

erally received doctrine that in the case of useful employments, prohibition cannot be exercised under authority to license. It may be different when the power is exercised upon exhibitions, theaters and other public amusements and the like. Without inquiring what authority, or rather to what extent authority may be exercised under power conferred to license, we may remark that it has been held in this state that, under authority to license, taxes cannot be imposed. *City of Burlington v. Putnam Ins. Co.*, 31 Iowa, 102; *The State v. Herod*, 29 Iowa, 123.

It appears equally reasonable that the power to tax will not confer authority to license, and this proposition is based upon the same ground as the other one just announced, namely, taxation and license; the objects attained by the exercise of the respective powers are not one and the same thing. This point demands no further attention.

II. Does the power to regulate confer the right to license? We think not. Under the authority to regulate, duties may

2. ——: power to regulate: license.

be imposed and restrictions enforced upon the keepers of taverns. We are not required to determine the extent to which this power may be carried:

Under the authority to license, police control is exercised over the persons licensed; they are required to make application to certain officers for a license, and they are thus made amenable to police authority, becoming known and identified. It may be that certain restrictions, conditions and limitations may be imposed upon them in the prosecution of their business upon being licensed, but upon this point we need make no further inquiries. We discover that *to license* and *to regulate* do not require the exercise of the same power, and the same objects are not attained by the acts authorized, and this being settled leads to the conclusion that the first cannot be exercised under authority to do the last.

We conclude that the statute confers no authority upon the City of Burlington to license taverns.

AFFIRMED.