# THE STATE OF IOWA:

## DES MOINES, JUNE TERM, A. D. 1878.

IN THE THIRTY-SECOND YEAR OF THE STATE.

---

PRESENT:

HON. JAMES H. ROTHROCK, CHIEF JUSTICE.
" JOSEPH M. BECK,
" AUSTIN ADAMS,
" WILLIAM H. SEEVERS, ⎬ JUDGES.
" JAMES G. DAY.

---

## THE CITY OF KEOKUK v. DRESSELL.

1. **Municipal Corporations**: POWER TO LICENSE THE SALE OF LIQUORS: CONSTRUCTION OF STATUTE. The power to "prohibit" the sale of intoxicating liquors, conferred on cities having special charters by section 2, of chapter 154, Laws of 1868, includes the power to license such sale.

2. ——: ——: VIOLATION OF ORDINANCE. The defendant was convicted of violating a city ordinance by selling ale, beer and wine without license: *Held*, that the fact that the city had no power to license the sale of ale, it being prohibited by a statute of the State, did not invalidate the conviction.

3. ———: ORDINANCE: CONSTITUTIONAL LAW. A city ordinance that provides for a term of imprisonment which may exceed that authorized by the constitution, but does not necessarily do so, is not void but may be enforced within the constitutional limit.

4. ———: PENALTY FOR VIOLATION OF ORDINANCE: IMPRISONMENT. One sentenced to pay a fine for the violation of a city ordinance may be confined at hard labor, but the term of his imprisonment cannot exceed one day for every three and one-third dollars of the fine, and he is entitled to a credit of one dollar and a half upon the judgment for each day's labor.

*Appeal from Lee District Court.*

TUESDAY, MARCH 19.

THE defendant was convicted by the Recorder of the city of Keokuk, upon an information charging that he did unlawfully sell ale, native wine and beer by the glass, without procuring a license as provided for by the city ordinance. Upon an appeal to the District Court he was again convicted, and now appeals to this court.

*Sprague & Gibbons* and *Frank Hagerman,* for appellant.

*Craig & Collier,* for appellee.

BECK, J.—I. The cause was tried to a jury upon defendant's plea of not guilty. It was admitted by defendant without proof that he had sold ale, native wine and beer in the city of Keokuk, within the time specified in the information without license from the city. Thereupon the plaintiff, against defendant's objection, was permitted to introduce in evidence an ordinance of the city forbidding the sale of ale, beer and native wine, without a license from the proper city authorities. The court directed the jury that the testimony authorized the conviction of defendant. The admission of the ordinance in evidence, and its recognition in the instruction, constitute the first ground of objection to the judgment of the court below urged upon our attention. It is insisted that the ordinance is in excess of the authority of the city, which has no power to license the sale of the liquors named in the informa-

tion. The questions presented by this objection first demand our consideration.

Acts of the Twelfth General Assembly, Chap. 154, § 2, is in this language: "All incorporated towns and cities, not incorpora-

1. MUNICIPAL corporation: power to license the sale of liquors : construction.

ted under the general incorporation laws, shall have the power to regulate or prohibit the sale of intoxicating liquors not prohibited by State law, and such power to regulate shall include the power to assess and impose a tax on such sale. For the purposes of this act beer and wine shall be considered intoxicating liquors."

This statute has not been repealed by subsequent legislation. See Code, §§ 47, 48, 551.

The power here conferred is to *regulate* or *prohibit*. We must now inquire whether the power to license may be exercised under authority to regulate or to prohibit.

II. We have held that the power to license is not conferred under a grant of authority to regulate. *The City of Burlington v. Bumgardner*, 42 Iowa, 673.

III. The authority to prohibit implies power to interdict, hinder, prevent. Whatever will hinder or prevent the full exercise of a pursuit has the effect of prohibition in a degree. There may be the exercise of power under authority to prohibit which results only in partial prohibition; or it may be more wisely and effectively exerted in a manner that will result in total prohibition. Whether the prohibition be partial or total, it is exercised under the same authority. The license of the sale of beer and wine hinders and prevents in a degree the traffic in those liquors. So far as the restriction of the free sale is effected, it that far operates to hinder and prevent the traffic. It may be imposed, then, under the authority to prohibit. See Cooley on Taxation, 403. This conclusion is not inconsistent with the doctrines announced in *The City of Burlington v. Bumgardner*, 42 Iowa, 673, and *Same v. Lawrence*, Id., 681.

IV. We, of course, will not be understood as holding that authority to prohibit may only be discharged by imposition of licenses, or in some other manner that partially effects prohibition. The authority may be, and ought to be, exercised in a

manner that would secure total prohibition and, if wisely exer-
cised, as it ought to be, that result would follow. This end is
contemplated by the law; whatever secures less, results from
unwise exercise of the authority conferred upon the city. The
failure to reach fully the object of the statute, by reason of
unwise or defective attempts in the exercise of the power con-
ferred, will not defeat the acts done in its lawful exercise.

The admission of the ordinance in evidence and the instruc-
tion above referred to were correct.

V. The ordinance of the city authorized the issuing of
license for the sale of ale, as well as beer and domestic wine.

2. ——: ——: The defendant insists the sale of ale is prohibited
violation of
ordinance. by the laws of the State. The counsel for the
city maintain that the word beer is a generic term, including
ale and other malt liquors. The defendant offered testimony
to show that ale is a liquor different and distinct from beer,
and is generally so regarded. The testimony was rejected as
immaterial, and an instruction in accord with the views of
plaintiff's counsel, above expressed, was given to the jury.
These rulings are assigned as error. The questions thus raised
we do not find it necessary to determine.

The seventh section of the ordinance under which the pros-
ecution was had provides that the ordinance " shall not be so
construed as to authorize the sale of any liquor, liquid or
thing prohibited by the laws of the State of Iowa."

Let it be admitted that ale is not included in the term beer,
and its sale is therefore prohibited by the laws of the State,
and cannot be licensed by the city, which, as we are at present
advised, appears a correct conclusion, though 'the point we
do not decide. The express words of the ordinance do not
authorize permission by license to be given for its sale. The
license of defendant under the ordinance, as well as under the
statute of the State, conferred no right or authority upon de-
fendant to sell ale. The ordinance in fact makes no attempt
to confer the authority, for it expressly declares that it shall
not be so construed as to authorize the sale of liquors forbidden
by the statute of the State.

The defendant cannot be convicted under the ordinance of

selling ale. But the information charges that he sold beer and wine, for which he may be convicted, and his confession admitted the sale of these liquors, as well as the sale of ale. He was, therefore, charged in the information with acts lawfully forbidden by the ordinance, and the testimony sustained the charge.

VI. The court sentenced defendant to pay a fine of twenty-five dollars, and in default of payment to be committed to the city prison at hard labor at the rate of one dollar and fifty cents per day until the fine be paid.

3. ——: ordinance: constitutional law.

The ordinance of the city (No. 46, Sec. 15) provides that upon conviction in cases of this kind the defendant may be imprisoned until his fine is discharged by allowing him twenty cents a day for each day of confinement, or he may be committed at labor at the rate of one dollar and fifty cents per day.

It is insisted that the ordinance is in conflict with Sec. 11 of the Bill of Rights, which secures the citizen from punishment in excess of a fine of one hundred dollars, or imprisonment for thirty days, except upon presentment or indictment of a grand jury. Under this ordinance it is said that a defendant may be imprisoned for more than thirty days. But conceding this view to be correct, the sentence of defendant in fact does not require his imprisonment for more than thirty days in any event. His constitutional right under the provision above cited is not taken away.

The ordinance, while it provides for imprisonment which may be in excess of the time prescribed by the constitution, provides also for punishment authorized by that instrument. Its provisions are not void, for they are not necessarily in conflict with the constitution. They may be enforced until they reach the limit of the punishment prescribed in the constitution. The ordinance is in harmony with the statute of the State. See Code, § § 4736, 4743.

VII. The judgment directed defendant to be confined at "hard labor at the rate of $1.50 per day until the fine and costs were paid." In this there is error. The duration of his imprisonment cannot be measured by the sum allowed for his labor. He is entitled

4. ——: penalty for violation of ordinance: imprisonment.

to a credit upon the judgment for the amount of his labor. The duration of the imprisonment is determined by Code, Sec. 4509, which provides that he shall be imprisoned one day for each three and a third dollars of the fine. After thirty days imprisonment he may be discharged under Sec. 4611. The judgment should have simply directed the imprisonment of defendant at hard labor, and that he be credited upon the fine at the rate of one dollar and fifty cents per day. *State v. Jordan*, 39 Iowa, 387.

VIII. The judgment will be modified so as to conform to the law as above stated. In view of the fact that the record does not disclose that this form of the judgment was the subject of a special objection, and that no prejudice has resulted to defendant therefrom, the costs of this appeal will be paid by defendant.

MODIFIED AND AFFIRMED.