JAMES K. TULLOSS v. THE CITY OF SEDAN.

DRUGGIST—*Valid License Tax.* Where a city of the third class levies license taxes upon various kinds of business and occupations, and in doing so levies an annual license tax of $80, payable quarterly, in installments of $20 each, upon druggists having permits from the probate judge to sell intoxicating liquors, and levies an annual license tax of $5 upon druggists not having such permits, *held*, that the license tax levied upon druggists having such permits is not illegal, or void.

*Error from Chautauqua District Court.*

JANUARY 4, 1883, the defendant *City of Sedan* recovered a judgment against plaintiff *Tulloss*, who brings it here for review. The opinion states the facts.

*W. P. Campbell*, for plaintiff in error.
*Chas. J. Peckham*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Chautauqua county by the plaintiff in error to recover

the sum of fifteen dollars, which he claims he paid into the city treasury of the city of Sedan, a city of the third class, under compulsion, the same being an illegal tax, assessed against him as a druggist under a city ordinance. The ordinance under which the tax was levied was passed and published May 12, 1882, and was entitled "Ordinance providing for the levy and collection of a license tax upon merchants and others."

Section one of the ordinance reads as follows:

"SECTION 1. There is hereby levied, to be collected in the manner hereinafter provided, on each person carrying on one of the several occupations, or keeping one of the several houses or places hereinafter named, within the limits of said city, an annual license tax as follows: Auctioneers, five dollars; druggists having permit from probate judge for sale of intoxicating liquors, eighty dollars; druggists not having such permit, five dollars," etc.

The ordinance provides that the license fee of eighty dollars may be paid into the city treasury in quarterly installments, on or before the fifteenth of February, May, August and November, and declares that any person who shall engage in business without obtaining a license, upon conviction shall pay a fine not less than five dollars nor more than one hundred dollars, and stand committed until the fine and costs are paid; and that each day such business is carried on without a license shall be deemed a separate offense. No other means is provided by the ordinance to enforce payment of the tax, except by criminal prosecution.

The plaintiff has for several years kept a drug store in Sedan, and had a permit to sell intoxicating liquors for medical, scientific and mechanical purposes, issued to him under the prohibitory liquor law of this state. For fear of being prosecuted under the ordinance, the plaintiff on May 15th, 1882, paid into the city treasury the sum of twenty dollars, and obtained a license as a druggist "having a permit to sell intoxicating liquors." No demand, directly or indirectly, formal or informal, other than the passage of the ordinance, was ever

made upon him for the money, but at the time of the payment he delivered to the city treasurer a written notice, as follows:

"SEDAN, KANSAS, May 15, 1882.—I, the subscriber, James K. Tulloss, hereby notify the city council of Sedan, Chautauqua county, Kansas, that I pay said council the sum demanded by them of me as a license tax, for the privilege of selling drugs within the corporate limits of said city, in accordance with an ordinance by said council enacted, and published May 12, 1882, under protest; and I further protest and declare that said license tax is unjust, exorbitant, illegal, and void; and said city council is hereby notified that the said James K. Tulloss will immediately begin an action against said city to recover back the amount so unjustly and exorbitantly demanded of me by them as aforesaid.

JAMES K. TULLOSS."

The plaintiff then brought his action, claiming fifteen dollars as the excess over the sum which he was legally bound to pay for a druggists' license. The district court gave judgment in favor of the city, and the plaintiff brings the case to this court for review.

Two questions are presented by the record: *First*, Is the city ordinance in question valid? *Second*, Under the circumstances of this case, was the payment of the tax compulsory?

It is not claimed that the ordinance is void in its entirety, or in all its provisions; for cities of the third class have the power, under the statutes, by ordinance to levy license taxes upon various kinds of business and occupations. (Third-class-city Act, § 48; Comp. Laws of 1879, p. 194, ¶ 910.) The ordinance was legally passed and published; and it taxes nearly all the kinds of business and occupations authorized to be taxed by the statutes; but it is claimed that the ordinance is void only "so far as it levies a greater tax upon druggists having a permit to sell intoxicating liquors, than upon druggists not having such permit."

It is admitted that the ordinance is valid as to all druggists so far as it taxes them at the rate of $5 per annum; but it is claimed that the distinction made between druggists who have permits to sell intoxicating liquors and druggists who do not

have any such permits, is not founded upon any tangible or substantial difference between these two classes of druggists, and therefore that the ordinance, so far as it attempts to impose a license tax of more than $5 upon druggists who have permits to sell intoxicating liquors, is unconstitutional, illegal, and void.

Now we think there is a material difference between the two classes of druggists above mentioned. We must suppose that druggists who have permits to sell intoxicating liquors will sell the same for all lawful purposes, while the druggists who do not have any such permits will not sell intoxicating liquors for any purpose. We suppose that the one class will sell intoxicating liquors, because they have obtained permits therefor, while the other class will not sell intoxicating liquors at all, because it would be a violation of law for them to do so; and the druggist who sells intoxicating liquors may do a business vastly greater than the druggist who does not sell any such liquors. Hence there is a substantial difference between the two classes, and some reason for taxing the former at a greater rate than the latter. But as to the wisdom or the policy or the justice of such an ordinance, we do not wish to say anything. Indeed, it does not come within our province to determine any such questions; or at least it does not come within our province to determine any such questions aside from the legal questions in which they may be involved. The only question really for us to determine is, whether the ordinance is valid, or not; and if we consider it valid, we must uphold it, although it may not correspond with our notions of what is wise, or just, or expedient.

We have just decided the case of *City of Newton v. Atchison,* which involves many of the questions involved in this case; and under that decision we think it necessarily follows that the ordinance which we are now considering must be held to be valid. Also, see the following cases: *City of St. Louis v. Bircher,* 7 Mo. App. 169; *Ould v. City of Richmond,* 23 Gratt. (Va.) 464; *City of Sacramento v. Crocker,* 16 Cal. 119; *Mayes v. Irwin,* 8 Humph. (Tenn.)

290; *City of Burlington v. Putnam Ins. Co.*, 31 Iowa, 102; *Am. Ex. Co. v. City of St. Joseph*, 66 Mo. 675; *Van Baalen v. The People*, 40 Mich. 258; *Fretwell v. City of Troy*, 18 Kas. 271.

The judgment of the court below will be affirmed.

All the Justices concurring.