PROVO CITY, Respondent, v. GEORGE SHURTLIFF, Appellant.

Municipal Corporations—City Ordinance against Liquor Selling by Druggists.—Under a provision of a city charter giving the city council power "to license, regulate, prohibit or restrain houses or places for the selling or giving away of wines or other liquors, whether ardent, vinous or fermented," an ordinance prohibiting druggists from selling such liquors, except for medicinal purposes, is valid.

Selling Liquor by Druggists contrary to Ordinance.—In the prosecution of a druggist for selling liquor as a beverage, a license authorizing the druggist to transact business as a druggist is immaterial and inadmissible in evidence, where an ordinance of the city prohibits druggists from selling liquor as a beverage.

Evidence—Hearsay.—Upon a prosecution before a district court on appeal from a justice's court, evidence of what a witness testified to before the justice, where the witness is not produced, and no attempt made to produce him, is inadmissible.

Appeal from a judgment of the district court of the first district. The opinion states the facts.

The cause was argued at the January term, 1884, and the judgment of the district court was reversed, Emerson, J., dissenting. Subsequently a rehearing was granted, and, after re-argument, the following opinion was delivered:

*Mr. Arthur Brown,* for appellant.

*Mr. J. G. Sutherland,* for respondent.

Twiss, J.:

This is an action brought by the plaintiff against the defendant, wherein he is charged with the violation of an ordinance of the plaintiff, entitled "An ordinance to prevent the manufacture and sale of spirituous, vinous and other intoxicating liquors as a beverage."

The defendant is charged with unlawfully selling and delivering, within the territorial limits of the plaintiff, to one E. M. Peck, Jr., in one transaction, spirituous and fermented liquors, to-wit: one glass of whisky and two glasses of beer, to be used as a beverage, in violation of the provisions of said ordinance.

The ordinance provides that druggists, upon giving bonds as therein provided, may sell such liquors as a medicine; but prohibits them from selling the same to any person whom they know, or have reason to believe, intends to use them as a beverage or to any person to be drank on the premises.

The evidence shows that one Snider and one Worsley, being in the back room of Hines' drug store, were asked by Peck, "What will you take?" That in response to such question the defendant waited upon them, and Worsley and Snider each took a glass of beer, and Peck a glass of whisky; and that Peck paid the defendant for the same.

It is apparent from the record, although not expressly stated, that the two glasses of beer and one of whisky, at the time and place, were drank by the respective persons taking them; and it was conceded at the trial, by counsel for both parties, that beer is a fermented, and whisky a spirituous liquor.

On the trial, counsel for the defense offered to show that the defendant was a clerk for, and in the drug store of R. S. Hines at the time of such sale; and that Hines had duly filed his bond, as required in the ordinance, and had received "A license from the city to sell liquors," and to transact the business of a druggist, and that the defendant was in that business in the scope of his employment.

The license offered in evidence recites that Hines, having complied with the ordinance in force relating to the licensing of druggists, was authorized "to transact his business as a druggist." It contains no provisions authorizing the sale of fermented or spirituous liquors of any kind whatever, for any purpose.

The plaintiff claims that the necessary power for the

passage of this ordinance by its city council is found in Section 31 of its charter, which is as follows: "To license, regulate, prohibit or restrain the manufacturers, sellers, or venders, of spirituous or fermented liquors, tavern-keepers, dram or tippling shop-keepers, boarding, victualling or coffee-houses, restaurants, saloons or other houses or places for the selling or giving away of wines or other liquors, whether ardent, vinous or fermented."

In *Logan City* v. *Buck*, 3 Utah 307, under a charter provision precisely like this, it was held that an ordinance prohibiting the sale of these liquors was not authorized. In the case now before us, the question of total prohibition is not involved; but the right to license, regulate or restrain, and the right to sell these liquors as a beverage, under a druggist's license, is involved.

The power to prohibit includes the power of *total* prohibition: *City of Keokuk* v. *Dressell*, 47 Iowa 597. This is not claimed in this case. Under this statute, the power to license, regulate or restrain, is not questioned, and this power implies the power of *partial* prohibition —to incumber the sale with conditions and limitations, to hinder and prevent in degree, and to prescribe reasonable rules by which the sale of intoxicating liquors to persons, and at places, is to be governed, to the end that the abuse to which they are obviously liable, may at least in degree be prevented.

The license to Hines, and the clerkship of the defendant, were offered as testimony tending to establish a right on the part of the defendant, as clerk of Hines, to do the act complained of; but the license fails to show any authority on the part of Hines to sell these liquors for any purpose except medicinal.

An ordinance prohibiting druggists from selling these liquors, except for medicinal purposes, is within the granted charter power to license, regulate or restrain, and is not unreasonably oppressive or against public policy. When Hines accepted the license to do the business of a druggist, granted pursuant to the provisions of an ordinance expressly prohibiting the sale of these liquors by druggists as a beverage, he impliedly assented to the

legally authorized conditions imposed therein; and, as it did not authorize the sale of such liquors as a beverage —the purpose for which defendant is charged with having sold them, and for which they were sold—the proffered evidence was irrelevant and properly excluded: *State* v. *Shaw,* 58 N. H. 72; *Fultoss* v. *City of Sedan,* 31 Kan. 165.

The record shows that E. M. Peck, Jr., the prosecuting witness who testified before the justice of the peace before whom the case was commenced, was not present at the trial in the district court; and that the defendant placed upon the stand a witness for the purpose of stating what Peck said as a witness in the trial of the case before the justice. It also appears from the record that the counsel for the plaintiff relied upon the promise of Peck to be present at the trial, and that the counsel for the defendant, relying upon the statement of the counsel for the plaintiff, that Peck would be present at the trial, took no steps to procure his attendance as a witness at the trial, although he was, at the time, in the jurisdiction of the court, and could have been, by due process, compelled to appear.

Objection was made to this testimony, and sustained by the court. This ruling was correct.

It was in the power of either party to have produced him as a witness; instead of invoking or relying upon the power or process of court to compel his attendance, one party relied upon his promise to be there, and one upon the statement of the other that he would be present. Under the circumstances, neither party could reproduce his oral statements made as a witness at the trial before the justice. The judgment of the district court is affirmed.

ZANE, C. J., and EMERSON, J., concurred.