Schroeder v. Zehrung.

Chicago, Burlington & Quincy Railroad Company, and as to the other defendants affirmed.

JUDGMENT ACCORDINGLY.

E. H. SCHROEDER, APPELLANT, V. F. C. ZEHRUNG, MAYOR, ET AL., APPELLEES.

FILED MAY 6, 1922.   No. 22463.

1. **Municipal Corporations:** REFERENDUM. The provisions of section 3, art. III of the Constitution, relating to the referendum, have reference to the acts of the state legislature only, and are not applicable to municipal legislation.

2. ————: HOME RULE CHARTER. While a home rule charter of a city, adopted pursuant to the constitutional provisions, may not contravene any provision of the Constitution or of any general statute enacted by the legislature, it is, in all other respects, binding and controlling. A city may enact and put into such charter any provisions for its government that it deems proper, so long as they do not run contrary to the Constitution or any general statute.

3. ————: ————: REFERENDUM. The referendum provisions contained in section 15, art. IV of the home rule charter of the city of Lincoln, are applicable only to acts that are legislative in character.

4. ————: LEGISLATIVE ACTS. The resolution referred to and summarized in the opinion is *held* not to be legislative in character.

APPEAL from the district court for Lancaster county: WILLIAM M. MORNING, JUDGE. *Affirmed.*

*C. C. Flansburg, O. L. Jones* and *C. L. Rein,* for appellant.

*C. Petrus Peterson* and *Charles R. Wilke, contra.*

Heard before LETTON, DEAN and DAY, JJ., DAY and GOOD, District Judges.

GOOD, District Judge.

Plaintiff brought this action in the district court for Lancaster county to enjoin the city of Lincoln and its mayor

and council from entering into a contract with the Technical Advisory Corporation for the performance of certain work, including the preparation of, and submission to, the mayor and council of a proposed ordinance for the zoning of the city of Lincoln. From a judgment of dismissal, entered upon the sustaining of a general demurrer to the amended petition, plaintiff has appealed.

In his amended petition plaintiff alleges that he is an elector, citizen, taxpayer and property owner of the city of Lincoln; that Lincoln is a city of the first class having a population of over 40,000 and less than 100,000 inhabitants, and is governed by chapters 47 and 51, Rev. St. 1913, and by a home rule charter, a copy of which is made a part of the petition; that the Technical Advisory Corporation made a written proposal to the city engineer of said city to make a field survey and permanently zone said city; that a written contract in accordance with said proposal, duly executed by said corporation, accompanied said proposal; that the city council adopted a resolution accepting the said proposal and authorizing the mayor and city engineer to enter into a contract with said Technical Advisory Corporation in accordance with said proposal, subject to approval in its final form; copies of said written proposal, contract and resolution were made parts of the amended petition; that within the time required by law there was filed in the office of the city clerk of the city of Lincoln a petition in due form signed by the requisite number of legal voters protesting against the passage of such resolution and requesting the council to either repeal or revoke said resolution or submit said proposal, contract and resolution to a vote of the legal voters of said city; that said council has failed to reconsider or set aside such resolution or submit the same to a special election called for that purpose; that the city council will approve said contract and proposal and execute the same unless restrained by the court.

The question for determination is whether, under the facts alleged in the petition, plaintiff and other taxpayers and electors of the city of Lincoln are entitled to have the

resolution adopted by the city council submitted to the electors under the referendum petition filed with the city clerk. Plaintiff insists that the right to have such resolution submitted to a referendum vote is guaranteed by constitutional and statutory provisions, as well as by the provisions of the home rule charter, and he also insists that the resolution is legislative in character, but that it is referable to the voters even if it is not legislative in character.

The constitutional provisions relating to the referendum are found in section 3, art. III of the Constitution. It specifically provides that the petition therefor should be signed by 5 *per centum* of the voters of the entire state, and that they should be distributed over two-fifths of the counties of the state. It is apparent that the voters of other counties in the state could have no interest in, nor right to pass upon, any ordinance or resolution enacted by the municipality, and it is quite clear that the referendum provisions of the Constitution have reference to the acts of the state legislature only, and that they are not applicable to municipal acts or legislation.

The Constitution of the state of Oregon provides: "The initiative and referendum powers reserved to the people by this Constitution are hereby further reserved to the legal voters of every municipality and district, as to all local, special, and municipal legislation." The decision of the supreme court of that state in *Long v. City of Portland*, 53 Or. 92, cited and relied upon by plaintiff, and holding that the right of referendum is reserved by the Constitution to the voters of the city regardless of any charter provisions, is not applicable in this state, for the reason that the Constitution of this state contains no provision of a similar character.

The city of Lincoln has adopted a home rule charter pursuant to the provisions of article XI of the state Constitution. Section 2 of that article provides, among other things: "Any city having a population of more than five thousand (5,000) inhabitants may frame a charter for its own government, consistent with and subject to the Constitution

and Laws of this state, * * * and if a majority of such qualified voters, voting thereon, shall ratify the same, it shall at the end of sixty days thereafter become the charter of said city, and supersede any existing charter and all amendments thereof." Plaintiff insists that under this constitutional provision the city is still governed by the provisions of the legislative charters under which it was previously governed. We are not inclined to this view. If a city, after having adopted a home rule charter, was still to be subject to all the provisions of the former legislative charters, there could be no object or purpose in adopting a home rule charter. While a home rule charter adopted pursuant to the constitutional provision may not contravene any provisions of the Constitution or of any general statute enacted by the legislature, it is, in all other respects, binding and controlling. A city may enact and put into its charter any provisions for its government that it deems proper, so long as they do not run contrary to the Constitution or to any general statute. *Simpson v. Paddock,* 195 Mich. 581; *Heilbron v. Sumner,* 186 Cal. 648; *Ex parte Johnson,* 201 Pac. (Okla. Cr.) 533.

Section 15, art. IV of the home rule charter of Lincoln, provides that ordinances passed by the council, with certain exceptions, may be referred to a vote of the electors of the city, if, within 15 days, a petition signed and verified by electors equal in number to at least 15 *per centum* of the highest number of votes cast for any councilman at the last preceding general city election, protesting against the passing of such ordinance, is filed with the city clerk. Upon the filing of such petition, the ordinance is suspended, and does not become operative until approved by a majority of the qualified electors voting thereon at a general or special election. It will be observed that this referendum provision pertains to ordinances only. Appellant contends that the term "ordinance" is defined by section 5227, art. VI, ch. 51, Rev. St. 1913. Said section provides: "The word 'ordinance,' where used in this article, shall mean and include ordinances, orders, resolves, agreements, contracts,

and any measure which it is within the power of the legislative authorities of such city or other municipal subdivision of this state to enact or give the force and effect of law." But by section 5255 of the same article it is provided: "This article shall not become operative in any city until accepted by the voters thereof." It is not alleged that the article was ever adopted by the city of Lincoln, and hence this definition does not apply.

The vital question in this case is whether the resolution is legislative or administrative in character. Let us examine and analyze the present situation in respect to the resolution in question. The home rule charter of the city contains provisions authorizing the city council to enact a zoning ordinance limiting the height and bulk of buildings and determining the area of yards and courts and other open places within certain prescribed districts, and to regulate and restrict the location of trades and industries and the location of buildings designed for specific uses, and other provisions that are pertinent to a zoning ordinance. Previous to the adoption of this resolution an appropriation had been made for the purpose of gathering information and data necessary for the preparing of a zoning ordinance for the consideration of the council. The action of the city council in adopting the resolution in question was a step taken to have the data and information gathered and for the framing of an ordinance to be submitted to it. All that the resolution accomplishes is the making of a contract to collect information and data necessary to the preparation of an ordinance and the preparing of the same to be submitted to the council for its consideration. The resolution, in our opinion, does not attain to the dignity of a legislative act. It is rather an administrative act. The referendum is applicable to municipal legislation; that is, to an ordinance which is a declaration of the municipal law upon any subject, but it cannot be invoked to prevent the council from procuring information or from framing a proposed ordinance for its consideration. The referendum is not applicable and can-

not be invoked until the proposed legislation has assumed definite form and has been enacted into a law by which the municipality will be governed, unless suspended by operation of the referendum. Until the information and data have been assembled, and an ordinance framed and adopted by the mayor and council, it cannot be definitely known that there ever will be a zoning ordinance. It is clear that the resolution in question is not legislative in character and is not therefore subject to a referendum vote.

The judgment of the district court is free from error, and is

AFFIRMED.

DEAN, J., dissents.