No. 10,562.

WEBB, ET AL. *v.* DORLAC, Auditor.

Decided March 3, 1924.

Action in mandamus. Writ denied.

*Reversed.*

1.  MUNICIPAL CORPORATIONS—*Ordinances—Elections.* Provisions of a

city charter reviewed, and held that thereunder an ordinance passed at a general municipal election could only be amended or repealed by electoral vote at a general—not a special—municipal election.

*Error to the District Court of El Paso County, Hon. Arthur Cornforth, Judge.*

Mr. SAMUEL H. KINSLEY, Mr. LEON H. SNYDER, for plaintiffs in error.

Mr. P. M. KISTLER, for defendant in error.

*En banc.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

THE city of Colorado Springs is operating under a charter adopted by the people under the authority of article XX of the state Constitution. In April, 1921, at a general municipal election in said city, an initiated ordinance was adopted by which the compensation of the members of the police department of the city was fixed. In January, 1922, the city council, on its own motion, submitted at a special municipal election an ordinance repealing the ordinance first mentioned, and it was adopted. Thereafter the council, by ordinance, fixed the compensation of police officers at a lower rate than that prescribed by the first mentioned ordinance. The plaintiffs in error, police officers, sought by mandamus to compel the auditor of the city to issue warrants for salaries at the rate fixed in the ordinance of April, 1921. The trial court denied the writ, holding that the first mentioned ordinance was void, because the council alone had the right to fix the salaries of the officers in question.

The court relied upon section 132 of the charter, which provides that "except as herein otherwise provided, the council shall, by ordinance, fix the compensation of salaried employes, etc." The court was of the opinion that the exception "as otherwise provided," referred to the board of directors of the public library, and the park commission,

both boards being, by sections 61 and 62, respectively, continued in power, with the functions and duties established by the statutes.

The statutes to which the charter refers provide that park commissioners and directors of public libraries shall receive no compensation; they are therefore not salaried employes, and cannot be supposed to have been included in the exception in section 132. The exception must apply to some other provision of the charter and there is nothing to which it is applicable except the provisions hereinafter discussed.

The matter of submitting ordinances to a vote is covered by article XV of the charter, which includes sections 120 to 128, inclusive. Section 121 requires the council either to pass without alteration subject to a referendary vote, any ordinance proposed by a petition signed by at least 15 per cent of the voters, or to call a special or a general municipal election, at which such proposed ordinance shall be submitted.

Section 122 has to do with proposed ordinances submitted by a petition of not less than 5 per cent, nor more than 15 per cent of the voters. An ordinance thus proposed is to be submitted at the next general municipal election occurring not less than 30 days thereafter.

Manifestly, these sections are intended to govern in the matter of submitting ordinances generally.

Section 127 covers a special subject. It provides that: "The council may submit a proposition for the repeal or amendment of any ordinance so adopted by electoral vote, to be voted upon at any succeeding general municipal election, and should such proposition so submitted receive a majority of the votes cast thereon at such election, such ordinance shall be repealed or amended accordingly. An ordinance so adopted by electoral vote, cannot be repealed or amended except by electoral vote."

This provision was clearly intended to take repealing and amending ordinances out of the class of measures

which might, under certain circumstances, be adopted at either a general or a special election.

The vote at a general election is known to be, in ordinary cases, much larger than at a special election, and the purpose of the framers of the charter appears to have been to prevent an ordinance once adopted from being repealed or amended at an election in which only a small part of the electorate would be likely to vote. The closing words of section 127 prohibiting an ordinance so adopted by electoral vote to be repealed or amended except by such a vote, indicates that repealing or amending ordinances are regarded as entitled to a different treatment from that provided for other ordinances.

Counsel for defendant in error relies upon section 130 of the charter, which provides that "the council may, of its own motion, submit to electoral vote for adoption or rejection, at a general or special municipal election, any proposed ordinance or measure in the same manner and with the same force and effect as is provided in article XV."

He contends that because these provisions appear in separately numbered articles they must be construed with reference only to the article in which they appear. We do not think the rule invoked should apply in this case. The charter is numbered by sections from the beginning, and the sections under consideration all have to do with the same general subject. The situation is quite different from that of a statute with divisions as to subjects, and in which one division has no particular relation to the others.

If our construction of section 127 be correct, that is, that it was intended to prevent the repeal of an ordinance, adopted by vote, without a full vote upon it, section 130, if applicable to repealing ordinances, would defeat that intent.

Under counsel's construction it would be possible for the council not only to submit, at a special election, an ordinance to repeal an initiated ordinance, but it could do it on its own motion, even though there had been no indication of a desire on the part of the electors for such repeal.

Section 130 is evidently a general provision intended to give to the council the right to submit proposed ordinances, other than those which repeal or amend ordinances adopted by vote, without waiting for a petition therefor, as might be necessary in case of emergency. It would be natural to expect that the charter would give to the council discretion to submit, at a special election, a proposed ordinance when prompt action seemed necessary, rather than to wait, possibly, for months to submit it at a general election.

The repealing ordinance, having been submitted at a special election, was ineffective to repeal the ordinance first passed fixing the compensation of plaintiffs in error.

The judgment is reversed, and the cause remanded for further proceedings in harmony with the views herein expressed.

MR. JUSTICE ALLEN not participating.