RAY P. MURPHY, Appellee, v. W. S. GILMAN et al., Appellants.

**MUNICIPAL CORPORATIONS:** Employees—Fireman as "Employee."
1  The definition of the term "employee," as embodied in Sec. 1421,
.  Code of 1924, is quite immaterial on the issue whether a fireman
is an employee, under Sec. 6519 of the same Code.

**MUNICIPAL CORPORATIONS:** Employees—Compensation—Ordinance
2  Not Required. The determination of the salary of a fireman is
the exercise of an administrative power, and need not be made by
ordinance.  (Sec. 6519, Code of 1924.)

**MUNICIPAL CORPORATIONS:**  Initiative and Referendum—Scope.
3  The initiative and referendum provided for in Sec. 6556 *et seq.*, Code
of 1924, apply only to such acts as are *legislative* in character, as
distinguished from those that are of an *administrative* or executive
character.  Held that the submission of an ordinance which fixed the
compensation of firemen was nugatory, even though the submission was
in the form of an amendment to an existing ordinance which fixed
such salaries.

Headnote 1: 43 C. J. p. 840.  Headnote 2: 43 C. J. p. 840.  Headnote
3: 43 C. J. p. 585.

Headnote 3: 19 R. C. L. 909.

*Appeal from Woodbury District Court.*—ROBERT H. MUNGER,
Judge.

JULY 1, 1927.

Mandamus to compel officers of a city under the commission form of government to pay the salary of a fireman, as fixed by an ordinance adopted under initiative and referendum statutes. From a judgment for plaintiff the defendants appeal.—*Reversed.*

*Paul M. Hatfield* and *E. G. Smith,* for appellants.

*Joe P. Shoup* and *Jepson, Struble, Anderson & Sifford,* for appellee.

VERMILION, J.—The city of Sioux City is under the commission form of municipal government, as provided by statute, now Chapter 326, Code of 1924. The plaintiff and appellee is a member of the paid fire department of the city. The appellants are the mayor, the members of the council, the auditor, and the treasurer of the city.

Prior to the general city election in 1926, the city council had by ordinance fixed the number of members of the city fire department and the annual salaries to be paid them. The salaries varied according to the rank and length of service of the members. At the general city election on March 29, 1926, there was submitted to the voters of the city a proposed ordinance providing for an increase in the annual salaries to be paid the members of the fire department. Such increase, in the case of appellee and firemen of his rank and class, amounted to $360 per annum.

The relief sought and granted below was a peremptory writ of mandamus, requiring appellants to take the necessary steps and to pay to plaintiff the salary provided for in the initiated ordinance.

The appellants admitted that the ordinance in question had been initiated, submitted, and adopted in accordance with the statutes relating to the adoption of ordinances by a vote of the electors in cities under the commission form of government,—a method of enacting laws referred to as the initiative and referendum. Sections 6556 to 6563, inclusive, Code of 1924. They also admitted that the appellee and other members of the fire department had not been paid the salaries provided for in the initiated ordinance, and that they did not intend to comply therewith. Justification for their refusal is to be found, if at all, in the inherent invalidity of the ordinance.

The contention of appellants is that the subject-matter of the ordinance is not one that is within the purview of the initiative and referendum statutes, because (1) the fixing of salaries of firemen is not required to be by ordinance, and (2) it is an

administrative act, and those statutes apply. only to legislative acts of the city.

I. By Section 6517, Code of 1924, the salaries of the mayor and councilmen are required to be fixed, within certain prescribed limits, by ordinance. Section 6519 provides that:

"Every other officer or assistant shall receive such salary or compensation as the council shall by ordinance provide, payable in equal monthly installments. The salary or compensation of all other employees of such city shall be fixed by the council and shall be payable monthly or at such shorter periods as the council shall determine."

It is the claim of appellee that a fireman is such an "other officer or assistant" as that his salary is by the foregoing statute required to be fixed by ordinance. He calls attention to the definition of "employee," as found in Section 1421 in the chapter of the Code on workmen's compensation, as sustaining his contention that a fireman is not an employee. That section provides that, in that chapter and the following related chapters on the subjects of the industrial commission and industrial liability insurance, a person holding an official position, or an official elected or appointed by a municipal corporation or a city under the commission form of government, shall not be deemed an employee. But by Section 1361 of the same chapter it is expressly provided that the Workmen's Compensation Act shall not apply to any person receiving, or who may be entitled to, benefits from any firemen's pension fund of any municipal corporation. By Section 6310, all cities having a paid fire department are required to make an annual levy for a firemen's pension fund. The definition of "employee" found in the Workmen's Compensation Act does not aid appellee, especially in view of the express exclusion of firemen entitled to the benefits from a firemen's pension fund from the operation of the act. If firemen were not employees, they were excluded without such express provision. Nor do cases dealing with the relation of firemen to compensation acts in other jurisdictions throw light on the subject.

Firemen are under the protection of the civil service statutes. Section 5694. By Section 5712 it is provided that, whenever the public interest requires a diminution in the number of

*1. MUNICIPAL COR- PORATIONS: employees; fireman as "employee."*

employees under civil service, the number may be reduced by resolution of the city council. It cannot be doubted that this statute is applicable to firemen. *Lyon v. Civil Service Com.*, 203 Iowa 1203.

We are of the opinion that the statute does not expressly require the salaries of firemen to be fixed by ordinance. The fact that the initiated ordinance is an amendment to an existing

2. MUNICIPAL COR-PORATIONS: employees: compensation: ordinance not required.

ordinance adopted by the council is entirely immaterial to the present inquiry. The mere fact that the city council saw fit to do by ordinance what was not required to be done by ordinance did not bring the act within the scope of the initiative and referendum statutes. *Hopping v. Council of City of Richmond*, 170 Cal. 605 (150 Pac. 977).

II. Nor do we think that the fixing of the salaries of firemen was such an act as, in the absence of express statutory requirement, must be taken by ordinance. The distinction between an ordinance and a resolution by a city council is discussed in *City of Burlington v. Putnam Ins. Co.*, 31 Iowa 102; *Cascaden v. City of Waterloo*, 106 Iowa 673; *Martin v. City of Oskaloosa*, 126 Iowa 680; and *Sawyer v. Lorenzen & Weise*, 149 Iowa 87. Nothing need be added to what is there said on the general subject.

"An ordinance is a local law. The distinction between such acts and those acts that relate to daily administration of municipal affairs is obvious. * * * Executive and administrative duties are such as concern the execution of existing laws." *Oakman v. City of Eveleth*, 163 Minn. 100 (203 N. W. 514).

In 2 McQuillin on Municipal Corporations, Section 636, it is said:

"The general rule is that, where a charter commits the decision of the matter to the council or legislative body alone, and is silent as to the mode of its exercise, ordinarily the decision may be evidenced by resolution. But it does not necessarily follow that, because the charter does not, in express terms, require an act to be done by an ordinance, it may, therefore, be effected by a mere resolution. On the contrary, where the requirement that the corporate act should be done by ordinance is implied by necessary inference (as where it is a clear legislative act), a resolution is not sufficient, but an ordinance is indispensable. Under particular charter provisions, resolutions have

been held sufficient in the following instances: For the purchase of fire department apparatus; construction of a sewer; acceptance of a dedication; prescribing salary of officer; fixing the amount of a license previously authorized to be imposed; fixing a license fee from time to time, under general ordinance; ordering street improvements; * * *''

The establishment of a fire department is doubtless a legislative act, and such as is required to be by ordinance. It is legislation of a permanent character. But the fixing of the compensation to be paid its members is a matter of administrative exercise of a power. What is a proper compensation may depend upon many changing conditions, which have to be met from time to time, and may properly be provided for in a less permanent way than by ordinance.

III. It is quite universally held that statutes providing for the initiative and referendum in the conduct of municipal affairs apply only to such acts as are legislative in character, as distinguished from those that are of an administrative or executive character. *Chase v. Kalber*, 28 Cal. App. 561 (153 Pac. 397); *Hopping v. Council of City of Richmond*, supra; *McKevitt v. City of Sacramento*, 55 Cal. App. 117 (203 Pac. 132); *Schroeder v. Zehrung*, 108 Neb. 573 (188 N. W. 237); *Dooling v. City Council of Fitchburg*, 242 Mass. 599 (136 N. E. 616); *Long v. City of Portland*, 53 Ore. 92 (98 Pac. 149); *Brazell v. Zeigler*, 26 Okla. 826 (110 Pac. 1052); *Yarbrough v. Donaldson*, 67 Okla. 318 (170 Pac. 1165); *State ex rel. Wilkinson v. Edwards*, 305 Mo. 431 (266 S. W. 127); *Oakman v. City of Eveleth*, 163 Minn. 100 (203 N. W. 514); *Meade v. Dane County*, 155 Wis. 632 (145 N. W. 239); *Dallas R. Co. v. Geller*, 114 Tex. 484 (271 S. W. 1106).

3, MUNICIPAL CORPORATIONS: initiative and referendum: scope.

In many of the cited cases, the statutes authorizing a referendum were much broader in respect to the matters to be so submitted than our own. Thus, in California, ''any ordinance or resolution,'' with specified exceptions, may be so submitted. *Hopping v. Council of City of Richmond*, supra. In Massachusetts, the statute provided for a referendum respecting ''any measure,'' and defined ''measure'' as ''an ordinance, resolution, order, or vote.'' *Dooling v. City Council of Fitchburg*, supra. Notwithstanding the broad language of these and other statutes,

the courts have uniformly recognized the distinction between acts that were legislative and those that were administrative, and have said that the initiative and referendum applied only to the former.

Our statute provides for a referendum upon an ordinance only. Sections 6551 and 6556. Whether, if the council should attempt to do by resolution what was clearly a legislative act, a referendum under a proper petition of protest, provided for by Section 6551, could be avoided, is a question not before us; but see *Hopping v. Council of City of Richmond*, supra. But the right of initiative under the statute (Section 6556) applies only to an ordinance, and is subject to the further limitation that it must be an exercise of the legislative function of the city.

We are not unmindful of the fact that cases are to be found where the compensation of firemen has been fixed by an ordinance adopted by a referendum. Among them is *State ex rel. Mulvoy v. Miller*, (Mo.) 285 S. W. 504, strongly relied upon by appellee. The attack upon the ordinance in that case was based upon the construction of constitutional and statutory provisions peculiar to the state of Missouri and provisions of the charter of the city of St. Louis. The contention that the ordinance was not within the intendment of the initiative was dismissed, with the observation that it was disposed of by the reasoning upon another branch of the case. The latter discussion appears to have been predicated upon the proposition, advanced by the officers of the city, that, while the ordinance in question could be proposed through the initiative, it could not be adopted by a referendum; and this question was determined upon a consideration of certain provisions of the city charter. It is apparent that the proposition that the fixing of salaries of firemen was the exercise of the administrative function of the city, and therefore not a matter subject to either initiative or referendum, was not under consideration, although that doctrine had been recognized by the same court in *State ex rel. Wilkinson v. Edwards*, supra.

In *Webb v. Dorlac*, 75 Colo. 49 (224 Pac. 220), also cited by appellee, the sole question was whether, under the charter of the city of Colorado Springs, an ordinance adopted by a vote of the electors could be repealed by an ordinance proposed

by the city council and submitted and adopted at a special election. It was held that an ordinance repealing an initiated ordinance could only be adopted at a general election. The validity of the initiated ordinance fixing the salaries of firemen was not in question.

Much is said in argument about the right, secured by the initiative and referendum statutes, of the people to determine the local regulations and laws by which they shall be governed, and also, on the other hand, of the dangers and inconveniences that would result if the exercise of the purely administrative and executive powers of city officials were subject to the control of popular majorities. These considerations might properly influence legislative action in providing for or extending the operation of the initiative and referendum, but cannot affect judicial opinion as to the scope of existing statutes on the subject. That must be determined by a construction of the statutes themselves, in the light of well established legal principles.

Our conclusion is that the fixing of the compensation of firemen was an exercise of the administrative function of the city, and, in the absence of a statutory requirement that it be done by ordinance, was not an act to which the initiative and referendum applied, and that the ordinance in question is, therefore, invalid.

It follows that the judgment must be, and is,—*Reversed*.

All the justices concur.