MARSHALL, Appellant, vs. DANE COUNTY BOARD OF SUPERVISORS, Respondent.

*October 7—November 8, 1940.*

For the appellant there was a brief by *Risser & Shiels* of Madison, and oral argument by *Fred E. Risser* and *John H. Shiels.*

*Norris E. Maloney,* district attorney, for the respondent.

FOWLER, J. Sec. 10.43, Stats., is a referendum statute applicable only to cities that provides that, upon petition signed by fifteen per cent of the voters of the city requesting, the city council shall pass a proposed ordinance without change within thirty days or submit it to a vote of the people at an ensuing election. Ch. 263, Laws of 1939, enacted sec. 59.074, Stats., sub. (1) of which provides that any county may proceed under sec. 10.43 to establish a civil-service system of selection, tenure, and status, applicable to all county employees other than elective constitutional officers, members of the board of supervisors, and members of boards and commissions, and members of the judiciary. Sub. (2) provides for likewise establishing a pension system for county employees paid by the county and embraced in sub. (1).

The relator's petition for a writ of *mandamus* recites that a petition signed by the requisite number of voters and proposing for adoption a complete civil-service ordinance was presented to the Dane County Board of Supervisors with demand for action by the board as provided by sec. 10.43, Stats.; that the board voted not to enact the proposed ordinance; that the board adjourned its November, 1939, session without providing for submission of the ordinance to the vote of the people; and demanded that an alternative writ issue requiring the board to submit the proposed ordinance at the next regular election, or show cause to the contrary. The board moved to quash the alternative writ and an order quashing it was duly entered.

The case is plainly ruled by *Meade v. Dane County,* 155 Wis. 632, 145 N. W. 239. That case involved submitting to a vote of the people of the county the repeal of a resolution of the county board providing for the purchase of a farm adjoining the county poor farm. Sec. 39*j*, sub. (1), Stats. 1911, provided that no ordinance or resolution of a county board should go into effect within twenty days from its passage, and sub. (3) provided that if within said twenty days a

petition signed by twenty per cent of the electors of the county should be filed with the county clerk praying that the operation of an ordinance or resolution be suspended, the county board should either repeal the ordinance or resolution or submit it to the electors of the county, and if at such election the ordinance or resolution should be approved by majority of the voters the ordinance or resolution should take effect. Sec. 39*j*, so far as it applied to counties, was held unconstitutional by the court because the legislature could not empower a county board to delegate to the electors of the county a power by the constitution expressly delegated to the county board itself. Sec. 22, art. IV, of the constitution, expressly authorized the legislature to confer on county boards "powers of a local, legislative and administrative character." The court held (p. 643) that sec. 39*j*, vested "in the electors of the county the powers which the constitution says may be vested in the county board. The constitution provides for and authorizes a delegation of such powers [of local, legislative and administrative character] to a specified body. *Expressio unius est exclusio alterius.* In that sec. 39*j* conflicts with the constitution."

So here. Ch. 263, Laws of 1939, so far as it applies to county boards, conflicts with the constitution. The proposed ordinance is of a "local, legislative and administrative character." The power to enact such an ordinance must, under the constitutional provision cited, be vested by the legislature in the county board itself; the legislature cannot authorize the county board to delegate the power to enact an ordinance of such a character to the electors. In the instant case, the petition shows that the county board itself voted not to enact the proposed ordinance. That ended the matter.

*By the Court.*—The order of the circuit court quashing the writ is affirmed.