THOMPSON, Respondent, vs. VILLAGE OF WHITEFISH BAY and others, Appellants.*

*April 6—May 2, 1950.*

* Motion for rehearing denied, with $25 costs, on June 30, 1950.

*Bernard F. Mathiowetz* of Milwaukee, for the appellants.

For the respondent there was a brief by *Thompson & Jaekels* of Milwaukee, and oral argument by *Jack M. Thompson.*

FRITZ, C. J. Appellants contend that the allegations in the petition for the writ of mandamus do not state sufficient facts in relation to the requirement in sec. 10.43 (1), Stats., to show that the prescribed percentage of electors of the village have signed the petition for the enactment of the proposed charter ordinance, which is to be adopted by the village board without alteration or referred by the board to a vote of the electors of the village; and in relation to the filing of the petition with the village clerk and her action, and the vote of the board not to pass the ordinance or to submit it to a referendum vote, etc., sec. 10.43, Stats. Appellants' contentions in those respects cannot be sustained. It appears that the performance of the necessary preliminary

acts are sufficiently alleged, including the acts by the village clerk and the vote and action of the village board in refusing to adopt the proposed ordinance or to refer it to a referendum vote of the electors.

Appellants contend that the proposed charter ordinance is in violation of provisions in sec. 9, art. XIII, Const., that,—

". . . All city, town, and village officers whose election or appointment is not provided for by this constitution shall be elected by the electors of such cities, towns, and villages, or of some division thereof, or appointed by such authorities thereof as the legislature shall designate for that purpose. All other officers whose election or appointment is not provided for by this constitution, and all officers whose offices may hereafter be created by law, shall be elected by the people or appointed, as the legislature may direct."

And appellants contend that the ordinance does not come under sec. 3, art. XI, Const., or statutory enactments predicated thereon. So far as here material said sec. 3 provides:

*Municipal home rule;* . . . "Cities and villages organized pursuant to state law are hereby empowered, to determine their local affairs and government, *subject only to this constitution* and to such enactments of the legislature of state-wide concern as shall with uniformity affect every city or every village. The method of such determination shall be prescribed by the legislature."

Appellants claim, the excluding provision "subject only to this constitution" can mean only one thing, viz., that as to any municipal matter governed by any other provision of the constitution said matter does not come under sec. 3, art. XI, Const., and that sec. 9, art. XIII, is such a provision; and that the proposed charter ordinance seeks to create a public office, although under said sec. 9, art. XIII, the legislature, by statutory enactment, has the sole power to create additional municipal officers.

Appellants' contentions and claims in those respects cannot be sustained. The proposed charter ordinance is a method of *municipal home rule* which has been authorized and pre-

scribed by the legislature under sec. 3, art. XI, Const., and acting thereunder the legislature in enacting sec. 66.01, Stats., evidently intended to give to villages methods by which they could determine their own affairs. Thus under and in accordance with the provision therein that, "The method of such determination shall be prescribed by the legislature," sec. 66.01, Stats., was duly enacted; and, in view of the facts alleged in plaintiff's petition, as stated above, it sufficiently appears that there was such compliance with sec. 66.01, Stats., and that the electors of the village were entitled to have the proposed ordinance submitted to a referendum vote at the next election.

Appellants' contention that the proposed charter ordinance in question here is in violation of sec. 9, art. XIII, Const., as invading a legislative power not delegable by the legislature cannot be sustained. Said sec. 9 provides (so far as here material) :

"All other officers whose election or appointment is not provided for by this constitution, and all officers whose offices may hereafter be created by law, *shall be elected by the people or appointed, as the legislature may direct.*"

Thus, in relation to public officers, whose election or appointment is not provided for by the constitution, there is applicable the phrase that they "shall be elected by the people or appointed, as the legislature may direct." Thereby the legislature is given the preference as to whether village officers shall be either elected or shall be appointed by such authorities as the legislature shall designate; and by refraining from enacting a specific law in relation to the appointment of such officers, or repealing an existing law relating thereto, they would automatically become or remain elective. Consequently the legislature can delegate the manner in which an officer included under said sec. 9, art. XIII, Const., may be elected by the people as proposed by the charter ordinance involved herein. Appellants' claim that the legislature's power under said sec. 9 cannot be delegated is based upon

the erroneous assumption that the legislature must designate specifically the authority entitled to appoint the village officers in question. The fact that said section authorizes the choice of selecting such officers by either election or appointment, and that the power to make such choice lies with the legislature, or such authority as it shall direct or authorize, discloses that if the legislature so provides it can authorize either the village board or the people of the respective municipalities to make such choice. By provisions in sec. 61.19 and sec. 61.197, Stats., the legislature designated village boards as such authority. However, the finality of this designation has been qualified by the legislature enacting sec. 66.01, Stats., and by invoking thereby partially its right under sec. 9, art. XIII, Const., to designate an authority to appoint officers referred to therein; and also invoking partially its right to allow those officers to be elected by the people. Consequently, the proposed charter ordinance does not constitute an unauthorized invasion of legislative power which cannot be delegated by the legislature. On the contrary, the ordinance and proposed method for its enactment is in accord with the method prescribed by the legislature by which, if the people so desire, they may change an appointive office to an elective office.

Appellants contend that there is presently no provision in the statutes for either the election or appointment of a village attorney as an officer of the village, or for even the employment of an attorney otherwise than the omnibus provision in sec. 61.34, Stats., empowering the village board to "have the management and control of the village property, finances, . . . and the *public service*." Moreover appellants claim that in the absence of any statutory provision on the subject, any person rendering legal services to the appellant village is an "employee" as distinguished from an officer; and that the village, through its board in its *management of the public service,* may employ an attorney when required, or by the

year, and such employment does not constitute him a public "officer," nor invalidate a contract for reasonable compensation for services in addition to his yearly salary. In respect to such public service, it is stated in plaintiff's brief, and has not been denied in either appellants' brief or the oral argument on their behalf, that the present attorney for the village and the appellants was appointed by the village board for a term of three years and represents the village in all its legal actions, including police court cases; and is not hired anew for each service, but is paid $3,600 annually as a salary, and receives additional expenses and per diem fees beyond that sum. Until the revision of sec. 61.34, Stats., in 1933 the provisions therein read:

"The village board shall have power, by ordinance, resolution, law or vote: . . .

"(6) . . . To provide for the prosecution or defense of all actions or proceedings in which the village is interested and employ counsel therefor.

"(7) *Appoint attorney, other officers, oath, bond.* To appoint a village attorney, a pound master, a marshal, . . ."

Thus, until said revision in 1933 of said subs. (6) and (7) of sec. 61.34, Stats., the village board was specifically authorized to appoint a village attorney, and as such he was evidently considered, and was to all intents and purposes, a village officer. Although in 1933 the legislature repealed by ch. 187 the then existing sec. 61.34, Stats., and created a new section,—in which there is no express provision creating the office of village attorney or providing for an appointment or election for the purpose,—the reason given by the legislature in 1933 for the repealing and recreation of sec. 61.34, Stats., was stated in sec. 5 of Bill No. 297, A., ch. 187, Laws of 1933, as follows:

"This act shall not deprive villages of any privilege, right, or power possessed on the effective date of this act. The primary purpose of this act is to remove uncertainties and to repeal provisions of the statutes which are obsolete or

unnecessary in view of the home-rule amendment to the constitution."

Moreover, at the time of the repeal and recreation of sec. 61.34, Stats., and until 1943, there was in sec. 61.19, Stats., the provision in relation to villages that,—

"Any other officers shall be appointed by the village board at their first meeting after the annual election unless such board shall otherwise provide."

Since 1943 that provision has read:

"Any other officers shall be appointed annually by the village board at their first meeting after the first Tuesday in April unless such board shall otherwise provide."

Thus it is evident that the power of the village board to have a village attorney was intended to be retained and that the power possessed by the village board to appoint an attorney, which had been given to it under sec. 61.34 (7), Stats., until 1933, was incorporated in sec. 61.19, Stats., with the expressed intention in the bill enacted as ch. 187, Laws of 1933, that the act shall not deprive villages of any privilege, right, or power possessed on the effective date of the act. In view of said circumstances and the extensive public functions and services which had to be and were for several years performed for the village by its attorney, and for which he was paid an annual salary of $3,600, and received also additional per diem fees, he was to all intents and purposes a public officer to whose appointment or selection the home-rule statute was applicable. As stated in *In re Appointment of Revisor,* 141 Wis. 592, 608, 124 N. W. 670,—

"There have been many attempts to accurately define an office and differentiate it from a mere employment, but it is manifest that the line is not easy to draw. In *Hall v. State,* 39 Wis. 79, Justice LYON said:

" 'When public functions are conferred by law upon certain persons elected by the people or appointed by the legislature, if those functions concern the general interests of the state, and are not of a nature merely local or temporary, such

persons are public officers, especially if they are paid a salary for their services out of the public treasury.'

"The doctrine is well-nigh universal that the duties must be continuous and permanent, and not merely transient, occasional, or incidental. *State ex rel. Brown Co. v. Myers,* 52 Wis. 628, 9 N. W. 777; *United States v. Germaine,* 99 U. S. 508; *State ex rel. Lewis v. Board of Pub. Works,* 51 N. J. Law, 240, 17 Atl. 112; 6 Words & Phrases, 4925, 4927; *United States v. Hartwell,* 73 U. S. 385."

*By the Court.*—Judgment affirmed.