STATE EX REL. POOLE, Respondent, v. VILLAGE OF ME-
NOMONEE FALLS and others, Appellants.

*No. 25. Argued September 11, 1972.—Decided October 3, 1972.*
(Also reported in 200 N. W. 2d 580.)

556

For the appellants there were briefs by *Puls & Puls,* attorneys, and *Norman J. Baker* of counsel, all of Milwaukee, and oral argument by *C. Morse Puls.*

For the respondent there was a brief by *Niebler & Niebler,* attorneys, and *Chester J. Niebler* of counsel, all of Menomonee Falls, and oral argument by *Chester J. Niebler.*

CONNOR T. HANSEN, J. The decisive issue presented is whether the provisions of sec. 9.20, Stats., providing for "direct legislation" relate only to cities.

We find no language in the statute to reflect any legislative intent to make the provisions of sec. 9.20, Stats., applicable to villages. In fact, the language of the statute dictates the conclusion that it does not apply to villages. Throughout the statute we find the words "city," "city clerk," "common council," "counsel," "city ordinances or resolutions," and "mayor." All are words relating to city rather than village form of government.

In *Landt v. Wisconsin Dells* (1966), 30 Wis. 2d 470, 141 N. W. 2d 245, and *Marshall v. Dane County Board of Supervisors* (1940), 236 Wis. 57, 294 N. W. 496, although in dicta, this court accepted the specific language of the statute and restricted its applicability solely to cities.

In *Landt, supra,* page 476, the court stated, "Sec. 10.43 [now 9.20] . . . expressly applied to cities . . . ." In discussing the method required of a county, city, village or town in accepting a library gift under sec. 43.28 (5), Stats., the court held:

". . . Obviously, too, sec. 43.28 (5) is a special adaptation of the procedure created for a city by sec. 10.43 [9.20] since sec. 43.28 (5) applies to a county, village, and town as well." *Landt, supra,* page 479.

In *Marshall, supra,* page 58, the court was more explicit in stating:

"Sec. 10.43, Stats. [9.20] is a referendum statute applicable only to cities that provides that, upon petition . . . ."

We find no legal authority to support plaintiff's contention that the enactment of sec. 66.019, Stats., by the 1959 legislature, has made the *Marshall* decision "obsolete."

Nothing can be found within the specific language of sec. 9.20, Stats., or the legislative history of the statute to suggest its applicability to villages.

The plaintiff contends that as enabling legislation, sec. 9.20, Stats., provides the only means for implementing the constitutional rights guaranteed under art. I, sec. 4, Right to assemble and petition, and art. XI, sec. 3, Municipal home rule.

Art. I, sec. 4, does not run to the method of municipal legislation and it requires no implementing by the legislature. Villagers have the right to petition the government, irrespective of this court's decision concerning sec. 9.20, Stats. Art. XI, sec. 3, is implemented by sec. 66.01, entitled "Home rule, manner of exercise" and not by sec. 9.20.

The legislature had the power to make sec. 9.20, Stats., applicable to villages through incorporation of sec. 9.20 into a provision providing for villages. The legislature, however, has not acted in this manner.

The statutes contain general provisions relating to villages and others relating to cities. Since the renumbering of the statutes, the provisions relating to villages

have been contained in ch. 61 and those relating to cities in ch. 62 of the statutes. Where the legislature has desired to give villages a power exercised by cities, it has incorporated the statute granting the city such power into ch. 61 by specific reference.

The legislature has further indicated that it does not intend sec. 9.20, Stats., to apply to villages by not incorporating sec. 9.20 into ch. 61.

Where the legislature has intended the provisions of sec. 9.20, Stats., to apply to forms of municipalities, other than cities, it has specifically incorporated sec. 9.20. *See* sec. 43.28 (5) *Acquisition of library property* (by municipalities) ; sec. 59.083 *Milwaukee county . . . home rule . . .* ; and sec. 67.05 (municipal) *Bond issues.*

Sec. 9.20, Stats., has not been specifically incorporated into any statute which is relevant to the facts now before this court.

Plaintiff contends that sec. 66.01, Stats., made predecessor sec. 10.43 (now 9.20) applicable to villages' proceedings, and directs the court's attention to *Thompson v. Whitefish Bay* (1950), 257 Wis. 151, 42 N. W. 2d 462.

Sec. 66.01, Stats., does make sec. 9.20 applicable to villages, but only in the limited situation of a "charter ordinance." Sec. 66.01 (6) provides:

"(6) Any charter ordinance may be initiated in the manner provided in s. 9.20 (1) to (6), but alternative adoption thereof by the legislative body shall be subject to referendum as provided in sub. (5) of this section."

Sec. 66.01 (2) (a) defines "charter ordinance" as:

". . . A 'charter ordinance' is any ordinance which enacts, amends or repeals the whole or any part of the charter of a city or village . . . ."

The *Thompson Case, supra,* concerned the failure of village authorities to respond to a sec. 9.20 petition. The petitioners sought to enact a charter ordinance providing for a village attorney and his election by the voters.

Plaintiff's petition concerns the village zoning ordinance, not a "charter ordinance." Sec. 66.01, Stats., is inapplicable to cases in which the sec. 9.20 petition concerns an ordinance other than a "charter ordinance."

We are also of the opinion that ch. 66 does not encompass all forms of municipal government as contended by the plaintiff. It is true that the statutes have been amended so that the incorporation of cities and villages is now accomplished by the same method.

However, sec. 66.019 (1), Stats., provides:

". . . Every village or city incorporated under this section shall be a body corporate and politic, with powers and privileges of a municipal corporation *at common law and conferred by these statutes.*" (Emphasis supplied.)

Sec. 66.019 (1) does make both village and city bodies corporate and politic, but, as the language states, once they have been incorporated they assume only those powers which they as villages or cities possessed at common law or have been conferred by the statutes.

The statutes do not confer the same power upon both. The powers set forth in ch. 61 apply to villages. The powers set forth in ch. 62 apply to cities.

When it has been the intent of the legislature for the village to exercise a power given the city, the legislature has seen it necessary to specifically incorporate the statute granting the city power into the statutes from which the village draws its authority. There are a number of such instances. Sec. 61.35, Stats., provides that the power given city government in the specific area of city planning shall be applied to villages. Secs. 61.34 and 61.39 specifically confer upon the village the power of cities in the area of the power of the governing body, and service pipes and sewers respectively. Sec. 61.51 (4), as it concerns auditing accounts, provides: "Section 62.25 (1) shall be applicable to villages." It would be unnecessary for the legislature to pursue this method

of granting a village such power, were the statutory powers of cities and villages "interchangeable."

There is both general city charter law and general village charter law. Sec. 61.189, Stats., provides for villages to become cities after their population exceeds 1,000. Once a village elects to become a city the statute declares, ". . . Thereafter such city shall in all things be governed by the general city charter law. . . ." In *Bleck v. Monona Village* (1967), 34 Wis. 2d 191, 198, 148 N. W. 2d 708, the court held:

"Before the village of Monona can lawfully attempt to make any elections under the home-rule powers in regard to ch. 62, Stats., the village must first exist as a fourth-class city. . . ."

To further emphasize that the legislature has intended to maintain a distinction between cities and villages, we observe that sec. 66.019 (6), Stats., provides for the reorganization of the city as a village when the population of the city drops below 1,000. It clearly states that a municipal corporation reorganized from a city to a village does not retain all the ordinances of the city but only the ordinances "so far as within the power of the village, shall remain in force until changed."

Menomonee Falls has the choice of becoming a city with common-law and statutory powers granted to a city, or remaining a village with common-law and statutory powers granted to a village. It has chosen to remain a village. We have considered all the arguments advanced by the plaintiff and conclude that sec. 9.20, Stats., is not applicable to villages and, therefore, plaintiff has no legal right to petition the village pursuant to the provisions thereof. It follows that the village clerk is not required under law to respond to a sec. 9.20 statute petition.

Since we here determine that the provisions of sec. 9.20, Stats., are not applicable to a village, it becomes

unnecessary to consider the other issues raised by the parties.

*By the Court.*—Judgment reversed, and the cause is remanded for the purpose of permitting the trial court to enter an order granting the defendants' motion to quash the alternative writ.