WILLIS J. ZICK, Corporation Counsel, Waukesha County
You state that a resolution is pending before the county board of supervisors which would establish the position of county executive in Waukesha County pursuant to sec. 59.032 (1), Stats., with the first election to take place at the spring election in 1974.
An amendment to that resolution would make its implementation contingent upon the approval of the voters of Waukesha County at the April, 1973 election. *Page 15 
You inquire whether the county board has power to provide for such referendum.
Section 59.032 (1), Stats., provides:
"59.032 County executive in other counties. (1) ELECTION: TERM OF OFFICE. Counties having a population of less than 500,000 may by resolution of the county board or by petition and referendum create the office of county executive. The county executive shall be elected the same as a county executive is elected under s. 59.031 (1) for a term of 4 years commencing with the 1st spring election occurring at least 120 days after the creation of the office. Such petition and election shall follow the procedure provided for cities in s. 9.20 (1) to (6)."
Under the statute the county board has power to create the office of county executive. The statute provides an alternate method, by petition and referendum by the electors of the county.
The safest way for the county to proceed would be for the county board to create the office by resolution without condition. The alternative would be to await petition by the electors or to encourage such petition. It is presumed that the statute providing for direct legislation in this special instance is constitutional and one circuit court has so held.
It can be argued that since the legislature has provided these two methods of creating the office, that no variation would be permitted.
It is generally recognized that counties have only such powers as are specifically granted by statute or necessarily implied. Section 59.07 (67), Stats., permits county boards to authorize advisory referendums on public construction questions and sec.59.69 (3), Stats., authorizes a referendum on county fairs. Insofar as strictly advisory referendums are concerned, it can be argued that under the "expressio unius" canon of construction, that the county board is without power to authorize referendums on other subjects for advisory purposes.
The referendum in question would not be advisory but would be the conditional element which would determine whether the resolution establishing the office of county executive would become effective. *Page 16 
Previous attorneys general have stated that while the county board cannot delegate the power to legislate, a resolution or ordinance which it can legally pass may be contingent upon the result of a referendum.
 20 OAG 276 21 OAG 308, 310 21 OAG 317 22 OAG 287, 288
Also see State ex rel. Van Alstine v. Frear (1910), 142 Wis. 320,324, 325, 125 N.W. 961.
State ex rel. Broughton v. Zimmerman (1952), 261 Wis. 398, 413,414, 52 N.W.2d 903.
The people do not in effect legislate where the county board has provided a full and complete ordinance or resolution contingent upon referendum. This is to be distinguished from attempts by the legislature to grant law-making power to the county electorate to initiate or repeal ordinances which was held improper under the constitutional provisions in Mead v. DaneCounty (1914), 155 Wis. 632, 145 N.W. 239, and Marshall v. DaneCounty (1940), 236 Wis. 57, 59, 294 N.W. 496.
While I am of the opinion that the county board probably has power to make its resolution creating the office of county executive contingent upon the result of a referendum, I suggest that the better procedure would be for the board to itself fully act with respect to this important matter.
RWW:RJV