RICHARD L. HAMILTON, Corporation Counsel Outagamie County
You have requested my opinion on three questions:
 1. May a county establish an ordinance which would require all capital expenditures in excess of a designated amount to be submitted to the electorate by a referendum, the results of which would be binding upon the county's ability to make that expenditure?
 2. What is, basically, the ability of the County Board of Supervisors to submit any questions, by its own initiation, to the electorate for vote, either binding or advisory?
. . . .
 3. In those instances where the Statutes specifically provide for the submission of a question to the electorate by referendum upon their filing of proper petition within a specified period of time, may a petition for referendum be effectively filed after the expiration of the stated period of time if, at the time of filing, no bonding has yet taken place and/or no construction has yet been started?
It is a well-established principle of law that a county board has only such powers as are expressly conferred upon it or necessarily implied from those expressly given. Dodge County v.Kaiser, 243 Wis. 551, 11 N.W.2d 348 (1943); Spaulding v. WoodCounty, 218 Wis. 224, 260 N.W. 473 (1935). Stated another way, a county board's powers are derived solely from statute, and it has no power to act in the absence of statute. Frederick v. DouglasCounty, 96 Wis. 411, 71 N.W. 798 (1897). *Page 131 
On April 7, 1978, ch. 220, Laws of 1977, took effect and reads as follows:
 SECTION 1. 59.025 (title) and (1) of the statutes are amended to read:
 59.025 (title) County organization; advisory referendum. (1) PURPOSE. The purpose of this section is to improve the ability of county government to organize its administrative structure and to govern, within constitutional limits. The state constitution now authorizes the legislature to establish one or more systems of county government. Consistent with this constitutional authority, it is the intent of the legislature to increase the organizational discretion which county government may exercise in the administration of powers conferred upon county boards of supervisors by the legislature. The legislature intends to allow county governments to conduct advisory and contingent referenda.
 SECTION 2. 59.025 (6) of the statutes is created to read:
 59.025 (6) ADVISORY REFERENDUM. A county board may conduct a county referendum for the purpose of enacting a resolution contingent on a favorable outcome in such a referendum or for advisory purposes.
As a result of this legislation, the answer to your second question is clear — a county board now has the express authority to conduct a referendum for advisory purposes or as a conditional element which would determine whether an enactment becomes effective.
In order to answer your first question, though, it is necessary to consider Wis. Const. art. IV, sec. 22, which provides that the Legislature may confer upon the respective county boards of this state "such powers of a local, legislative and administrative character as they shall from time to time prescribe." Under this constitutional provision, any statute which purported to vest legislative or administrative powers in the electors of a county would be unconstitutional. Marshall v. Dane County Board ofSupervisors, 236 Wis. 57, 294 N.W. 496 (1940); Meade v. DaneCounty, 155 Wis. 632, 145 N.W. 239 (1914).
In my opinion, an ordinance which would require all capital expenditures in excess of a designated amount to be submitted to the *Page 132 
electorate by a referendum, the results of which would be binding upon the county's ability to make that expenditure, would constitute an attempted delegation to the electors of the county of powers of a local, legislative and administrative character, and, therefore, if ch. 220, Laws of 1977, or any other statute were construed to authorize such a delegation of power, it would be held to be unconstitutional if the issue were submitted to the Wisconsin Supreme Court.
What we have to contend with here is the artificial distinction approved by the court in State ex rel. Van Alstine v. Frear,142 Wis. 320, 324, 325, 125 N.W. 961 (1910), between the delegation to the electors of a county of powers of a local, legislative and administrative character, which, in the court's view, would be unconstitutional, and the enactment of a resolution or ordinance which is contingent upon a referendum, which, conversely, would be constitutional. Specifically, and as pointed out in 62 Op. Att'y Gen. 14 (1973), in order to avoid an unconstitutional delegation, the county board must first provide a full and complete ordinance or resolution and then make its effectiveness contingent upon the result of a referendum.
I do not believe the proposal contained in the first question satisfies this requirement since what would be submitted to the electorate by a referendum would not necessarily be a full and complete ordinance or resolution. Rather, there apparently would be an automatic submission to the electorate of any matter involving a capital expenditure in excess of a designated amount.
There would be no problem with the proposal in the first question if what was submitted to the electorate was an enactment with the result of the referendum determining only whether the enactment would become effective.
The answer to your first question, therefore, is no unless the submission to the electorate is a full and complete ordinance or resolution as discussed above.
Finally, with respect to your third question, since the time limit for filing a petition for referendum is mandatory (see
42 Am. Jur. 2d Initiative and Referendum sec. 33; 82 C.J.S. Statutes
sec. 129), a petition for referendum may not be effectively filed after the expiration of the time limit. Therefore, the answer to your third question is no. But, because of ch. 220, Laws of 1977, the county board would be *Page 133 
authorized to conduct an advisory or contingent referendum even without the submission of such a petition.
BCL:JJG