STEPHEN C. LEPLEY, Corporation Counsel Waukesha County Courthouse
The Waukesha County Board of Supervisors is considering an ordinance that would create the office of county executive contingent upon approval at a countywide referendum. You have asked for my opinion concerning section 59.031, Stats., and other statutes as they apply to the creation of the office of county executive in counties having a population less than 500,000.
 1. May the County Board's legislative act creating the office require that the matter be approved at a county-wide "contingent referendum?" May the County Board alternatively schedule an "advisory referendum" on the subject of the creation of the office, intending to wait for the results of such a referendum prior to deciding whether to take any legislative action?
The answer to both questions is yes. As you point out in your letter, both types of referenda are authorized by section59.07(67), which provides that the county board may "[c]onduct a countywide referendum for advisory purposes or for the purpose of ratifying or validating a resolution or ordinance adopted by the board contingent upon approval in the referendum." In addition, the use of a referendum to ratify or validate legislation has been approved by the supreme court in State ex rel. Van Alstinev. Frear, 142 Wis. 320, 125 N.W. 961 *Page 228 
(1910), and in attorney general opinions, including 62 Op. Att'y Gen. 14 (1973), 21 Op. Att'y Gen. 146 (1932) and 21 Op. Att'y Gen. 207 (1932).
When a legislative body schedules a referendum that concerns the subject of a resolution or ordinance, the body must take care not to delegate its legislative power. In Van Alstine,142 Wis. at 324-25, however, the court explained: "[W]hile the legislature may not delegate its power to make a law, it can make a law to become operative on the happening of a certain contingency or on the ascertainment of a fact upon which the law makes or intends to make its own action depend." In Van Alstine, the court approved the use of a referendum as long as the legislative act was a complete law in itself when it received the executive sanction and was published and as long as it was to become operative only on the happening of a future contingency, to wit, its approval by a majority of the electorate voting on the question.
In the case of the creation of the office of Waukesha County executive, the county board may schedule a contingent referendum as long as the county board's act is a complete law in itself.
 2. For purposes of determining when a first election for the office is to be held under § 59.031 (1) (b), Stats., and assuming a contingent referendum may be scheduled, when is the office of county executive "created?"
The time for holding the first election for a newly created county executive office is provided for in section 59.031(1)(b), which states, in part:
 The county executive shall be elected the same as a county executive is elected under par. (a) for a term of 4 years commencing with the 1st spring election occurring at least 120 days after the creation of the office and shall take office on the 3rd Tuesday in April of that year. *Page 229 
When the county board passes an ordinance creating the office of county executive contingent upon approval in a subsequent referendum, the office of county executive for the purpose of holding the first election would be created after the results of the referendum become final under sections 7.60 and 9.01.
Although the ordinance adopted by the county board must be complete in itself so that the referendum is not deemed a delegation of legislative authority, the referendum is the contingency upon which the action of the county takes effect and becomes operative. Van Alstine, 142 Wis. at 325; 21 Op. Att'y Gen. at 147-48; and 21 Op. Att'y Gen. at 208. Because the ordinance creating the office of county executive would not take effect until after the results of the referendum approving the ordinance became final, the office could not be considered to be created until after the results of the referendum became final. Therefore, the first election for the new office of county executive would be held in the first spring election occurring at least 120 days after the results of the referendum become final.
 3. Which of the procedures in § 59.031 (1) (a), Stats., are to be followed in paragraph (1) (b) of that section, in accordance with the latter paragraph's declaration that: "(T)he county executive shall be elected the same as a county executive is elected under paragraph (a) . . ."?
Section 59.031(1)(b), which was quoted above, provides that the county executive shall be elected the same as a county executive is elected under paragraph (a) for a term of four years commencing with the first election.
Section 59.031(1)(a) provides:
 In each county having a population of 500,000 or more, a county executive shall be elected for a term of 4 years at the election to be held on the first Tuesday in April of each year in which county supervisors are elected, and shall take office on the first Monday in May following the election. The county executive shall be elected from residents of the *Page 230 
county at large by a majority vote of all qualified electors in the county voting in the election. In any county which attains a population of 500,000 or more, the first election under this paragraph shall be held on the first Tuesday in April in the year following the official announcement of the federal census.
Paragraph (b) has its own specific requirements as to the length of term of office, the time of the first election and the date when the county executive takes office. When paragraph (b) refers to electing the county executive the same as the county executive is elected in paragraph (a), it is therefore incorporating only the requirement that "[t]he county executive shall be elected from residents of the county at large by a majority vote of all qualified electors in the county voting in the election."
The provision in paragraph (a) that the county executive is elected for a term of four years in elections held in each year in which county supervisors are elected would not be applicable to paragraph (b) because supervisors in counties having a population of less than 500,000 serve for terms of two years whereas the supervisors in counties having a population of 500,000 or more serve for four year terms, just as the county executive. Secs. 59.03(2)(b) and (3)(d), Stats. It would not be possible for the county executive serving the four year term to be elected in each year in which county supervisors are elected for two year terms.
 4. Under § 59.031 (1) (b), and the facts recited herein, when must the first election to the office be held, and when does the elected county executive take office?
Pursuant to section 59.031(1)(b), the first election for the county executive occurs at least 120 days after the creation of the office. Under the facts set forth in your letter, that would be 120 days after the ordinance creating the office becomes effective. The effective date of the ordinance would depend on whether there was a contingent referendum held after the county board acted on the ordinance. In either event, however, the effective date of the ordinance would trigger the running of the 120 days. *Page 231 
Pursuant to section 59.031(1)(b), the new county executive would take office on the third Tuesday in April of the year of the election.
DJH:SWK *Page 232