LANDT and another, Appellants, v. CITY OF WISCONSIN DELLS and others, Respondents.

*March 1—April 12, 1966.*

---

For the appellants there was a brief by *Giles & Krug* and *Gene G. Krug,* all of Medford, and oral argument by *Gene G. Krug.*

For the respondents there was a brief by *Donald L. Hamm,* city attorney, and *John N. Kramer,* special counsel, and *Kramer & Nelson* of counsel, all of Fennimore, and oral argument by *John N. Kramer.*

A brief *amicus curiae* was filed by *Julian Bradbury* of Madison, for the League of Wisconsin Municipalities.

FAIRCHILD, J.   Sec. 10.43, Stats., is entitled "Direct legislation." Under its terms a petition may be filed with a city clerk requesting that a specified ordinance or resolution "either be adopted without alteration by the common council of said city or be referred without alteration to a vote of the electors thereof." Such petition must have been signed by electors equal in number to not less than 15 percent of the vote cast in the city for governor at the last general election.

If a petition fulfills the statutory requirements, the clerk so certifies, and the proposed ordinance or resolution must thereupon be passed by the council without alteration, or be submitted to the voters at the next regular election. If adopted at the election, it can neither be repealed nor amended within two years after its adoption except by vote of the people.

There is no part of sec. 10.43, Stats., which expressly authorizes a petition to compel the council to repeal an ordinance or resolution previously adopted, or, in default of repeal, to submit the ordinance or resolution to popular vote.

It is conceded that the petition in this case had an adequate number of signers and was otherwise in proper form. The council did not adopt the proposed ordinance, but did submit a question to the voters on the subject of fluoridation. Whether this question could be deemed a proper submission of the proposed ordinance under sec. 10.43 (5), Stats., is open to debate, but need not be decided here. Although the majority of votes were against increasing the fluoride content, the council has treated the vote as advisory only.

The question argued on this appeal has been stated by petitioners as follows:

"Where the Common Council of the City has previously adopted a resolution to increase the fluoride content of the public water supply of the City, may the provisions of Wisconsin Statutes 10.43 be enforceably invoked by the electors of the City for an ordinance to prohibit fluoridation of the public water supply of the City and to repeal the resolution previously adopted by the Common Council."

Section 2 of the proposed ordinance would prohibit the addition of fluorides to the municipal water supply. Section 3 would impose a forfeiture for violation. Section 4 would repeal resolutions in conflict with the proposed ordinance. Although sections 2 and 3 would appear, in form, to add new legislation, the proposed ordinance would, in substance, be a reversal of the policy decision already made by the common council to fluoridate the city water. Defendants suggest that the proposal is no more than a repeal of the resolution of October, 1963, authorizing and directing city employees to add fluoride, and petitioners do not seriously challenge this interpretation.

We conclude that when a common council has adopted an ordinance or resolution dealing with a particular subject, sec. 10.43, Stats., does not authorize the filing of petitions to compel the council to repeal such ordinance or resolution, or, in default of repeal, to submit the ordi-

nance or resolution to popular vote. It is true that in a broad sense a repeal of an existing measure is an act of legislation, just as is the adoption of a new measure upon a subject not previously dealt with. Nevertheless, traditional concepts in the field of direct popular legislation, and the history of sec. 10.43, and its predecessor statutes, convince us that the two types of legislation are not the same in the context of sec. 10.43.

Usually the procedure for consideration by the voters of new legislation is referred to as the initiative, and for review by the voters of existing legislation as the referendum.

"Generally speaking, the initiative, in the case of municipal legislation, is initiation of municipal legislation and enactment or rejection thereof by the municipal electorate in event the proposed measure is not enacted by their elected representatives." [1]

"The referendum is essentially a referral to the voters of a municipality for their direct vote on an existing ordinance, or at least one that has been passed by the municipal legislative body and that is or may become law except for the successful intervention of referendum procedure. It usually is utilized, practically speaking, with the object in view of defeating municipal legislation that exists, is in process of being enacted, or has been enacted with its effective date in the future, although it is designed obviously to determine the will of the electorate as to such legislation." [2]

The source of present sec. 10.43, Stats., was ch. 513, Laws of 1911, creating "sections 39 i to 39 l, inclusive, of the statutes, relating to the initiative and referendum on acts of municipal councils and of boards of county supervisors."

Sec. 39 i created an initiative procedure, the filing of a petition to compel a city council or county board to adopt an ordinance, or, in default of such adoption, to submit it to popular vote. Sec. 39 j created a procedure

---

[1] 5 McQuillin, Mun. Corp. (3d ed.), p. 247, sec. 16.52.

[2] 5 McQuillin, Mun. Corp. (3d ed.), p. 248, sec. 16.53.

of the referendum type, the filing of a petition to compel a city council or county board either to repeal an ordinance or resolution already adopted, or, in default of such repeal, to submit it to popular vote. The referendum procedure created by sec. 39 j was closely limited in that the petition must be filed within twenty days after adoption of the ordinance or referendum to be challenged. Sec. 39 k provided formal and procedural requirements applicable to both the initiative and referendum, and sec. 39 l deprived the mayor of veto power over measures adopted by vote of the people. The initiative procedure was comparable to that now provided by sec. 10.43, Stats., except that sec. 39 i required a number of signatures equal to 25 percent of the vote for governor rather than 15 percent as now provided. No part of present sec. 10.43, is comparable to the referendum procedure contained in sec. 39 j.

The legislative history makes it clear that the legislature intended to eliminate the referendum provided by sec. 39 j, and leaves no room for the contention that the legislature intended to authorize repeal of existing ordinances or resolutions by resort to the initiative under sec. 10.43, Stats.

A series of 1915 session laws revised and renumbered many of the laws relating to elections.[3] Sec. 14 of ch. 385, Laws of 1915, revised secs. 39 i, 39 k and 39 l, and renumbered them to be sec. 10.43, Stats., and sec. 670 m. Sec. 10.43, Stats. 1915, expressly applied to cities, and, except for changes not relevant to the present issues, was the same as the present section.[4] Sec. 27 of ch. 383, Laws

[3] Chs. 381 to 386, inclusive, Laws of 1915.
[4] Sec. 670 m, Stats. 1915, made sec. 10.43 applicable to counties. It later became sec. 59.02 (2). In 1939 the attorney general asserted that sec. 10.43 could not constitutionally be applied to counties, 28 Op. Atty. Gen. (1939), 719; this court so held in *Marshall v. Dane County Board of Supervisors* (1940), 236 Wis. 57, 294 N. W. 496; and sec. 59.02 (2), Stats., was repealed by ch. 177, Laws of 1943.

of 1915, repealed sec. 39 j. The bills which accomplished the revision were introduced by the committee on judiciary and notes were printed therein. A note to sec. 27 of Bill No. 79, S., which became sec. 27 of ch. 383, repealing 39 j, read as follows: "This section was declared unconstitutional in Mead v. Dane County, 155 Wis. 832 [sic]. Sections 39 l [sic], 39 k, and 39 L [sic] have been transferred to subtitle 'City Elections' in chapter 10." A note to sec. 14 of Bill No. 81, S., which became sec. 14 of ch. 385, read as follows:

"This section has been rewritten with a view of condensation and of placing its provisions in the order in which the events are to occur. The substance has been faithfully preserved. No use has ever been made of the section and even as rewritten it is so cumbersome and so expensive a way of getting local legislation that it probably ought to be repealed. The directions as to the conduct of the election, ballot to be used, canvass and returns, are provided already by section 10.42."

The *Meade Case*,[5] referred to in the note concerning the repeal of sec. 39 j, providing a referendum procedure, involved an attempt, by petition under sec. 39 j, to compel the county board of Dane county to repeal a resolution or submit it to vote of the people. The opinion was highly critical of the breadth of the referendum review provided by sec. 39 j and did indeed hold that it conflicted with the constitution. The case before the court involved a county board, and several of the reasons stated for holding sec. 39 j unconstitutional would apply to a county, but not to a city. However broad the holding of the *Meade Case*, the notes above quoted demonstrate an intent to do away with review by referendum and negative any implication in sec. 10.43, Stats., that it is available for repeal of existing legislation.

---

[5] *Meade v. Dane County* (1914), 155 Wis. 632, 145 N. W. 239.

In a 1939 decision, this court stated that sec. 10.43, Stats., "has no application to an ordinance already passed." [6]

We consider the proposal involved in the case before us as clearly and solely an attempt to repeal a resolution previously adopted by the council. We note, but do not reach, the possibility that although an ordinance or resolution, proposed by petition, might incidentally involve amendment or repeal of existing measures, its real substance might nevertheless be deemed affirmative legislation upon a new subject.

In 1940, for example, a case came before this court where an attempt was made, by petition and popular vote under sec. 10.43, Stats., to change the salaries of aldermen. The court determined that the attempt failed because it was untimely under another statute, and did not find it necessary to decide whether salaries may be fixed or changed under sec. 10.43.[7] Mr. Justice FOWLER, in an opinion concurred in by Mr. Justice FRITZ, stated that "sec. 10.43, Stats., authorizes salaries to be fixed by direct legislation."

Petitioners call our attention to four references to sec. 10.43, Stats., in other sections of the statutes. They argue that such references indicate an intent on the part of the legislature that the procedure of sec. 10.43 may be used to initiate repeal of existing ordinances or resolutions. The references cited are as follows:

Sec. 43.28 (5), Stats., provides that if a gift be offered to a county, city, village or town for a public library or library building, such municipality may obligate itself, by an ordinance adopted by a two-thirds vote, to levy and collect an annual tax for the maintenance of such library, "and if such gift be accepted such obligation shall not be repealed. Such ordinance shall be subject to the referendum provided for in section 10.43.

[6] *Wilson v. Sheboygan* (1939), 230 Wis. 483, 283 N. W. 312.

[7] *Feavel v. Appleton* (1940), 234 Wis. 483, 494, 291 N. W. 830.

. . ." Petitioners suggest that the use of the word "referendum" implies that review and repeal is authorized by sec. 10.43. It is arguable, however, that since the section expressly prohibits repeal if the gift be accepted, the word "referendum" is more loosely used, and means no more than that if a gift is offered, the ordinance undertaking the maintenance obligation may be initiated and enacted under sec. 10.43. Obviously, too, sec. 43.28 (5) is a special adaptation of the procedure created for a city by sec. 10.43 since sec. 43.28 (5) applies to a county, village, and town as well.

Sec. 66.01, Stats., deals with home rule of a city or village. Sub. (6) provides that "Any charter ordinance may be initiated in the manner provided in subsections (1) to (5) of section 10.43, but alternative adoption thereof by the legislative body shall be subject to referendum as provided in subsection (5) of this section." Sub. (2) defines a charter ordinance as one "which enacts, amends or repeals the whole or any part of the charter of a city or village. . . ." Petitioners point out that it thus is made possible to initiate under sec. 10.43 an ordinance which repeals a previous enactment. Sec. 66.01, again, is a special adaptation of the procedure created for a city by sec. 10.43, and applies to a village as well as a city.

Secs. 66.40 to 66.404, Stats., constitute the "Housing Authorities Law." Sub. (4) provides that when the council of a city declares that there is need for a housing authority, such authority comes into existence as a public body corporate. Sub. (25) (a) provides: "In any city or village the city council or village board by resolution or ordinance, or the electors by referendum under s. 10.43, may provide that the authority shall liquidate and dispose of a particular project or projects held and operated under ss. 66.40 to 66.404 or 66.43."

Ch. 64, Stats., provides for adoption of the city manager plan in cities of the second, third, or fourth class. Sec. 64.10 (3) provides that the board of education shall

continue "provided that such board may be discontinued by a vote of the people held in accordance with the provisions of s. 10.43 of the statutes, and in such case the powers and duties of such board shall be exercised and performed by the council and city manager. . . ."

It is true that to some extent several of the statutes just referred to authorize the use of the initiative procedure under sec. 10.43, Stats., to accomplish what is essentially a repeal. The fact that such express authorizations exist in specific areas, does not convince us that the general authority to initiate repeal measures pursuant to sec. 10.43 is implied within that section. The express provisions for the special cases may as well imply that sec. 10.43 would be inapplicable to repeal proposals in the absence of the express provisions.

Petitioners also point to a statement by the attorney general [8] that the purpose of sec. 10.43, Stats., "is to give the voters of cities and of counties the right to initiate legislation and to pass upon ordinances and resolutions which have been enacted by county boards and city councils." The particular opinion dealt with direct legislation by the electors of counties and held it unconstitutional for reasons peculiar to counties.[9] In the light of the legislative history heretofore referred to, we do not consider the statement of the attorney general, just quoted, persuasive in determining the application of sec. 10.43 to cities. As previously indicated, we conclude that the legislature has not, by sec. 10.43, authorized a procedure for the repeal of existing legislation.

*By the Court.*—Judgment affirmed.

---

[8] 9 Op. Atty. Gen. (1920), 66, 67.

[9] See *Marshall v. Dane County Board of Supervisors, supra,* footnote 4.