ED JACKAMONIS, Speaker Wisconsin State Assembly
As chairman of the Assembly Committee on Organization, you have requested my opinion whether a city clerk may refuse to forward to the common council a petition that otherwise complies with the requirements of sec. 9.20(3), Stats., on the grounds that the petition (1) "relates to an administrative . . . matter," (2) "would modify . . . the statutory authority of [the city]," and (3) "would repeal action already undertaken by the city."
The direct legislation statute at issue here provides a procedure to effectuate private citizens' rights of the highest order. "Sec. 9.20 implements the legislative powers that have been reserved to the people." State ex rel. Althouse v. Madison,79 Wis.2d 97, 118, 255 N.W.2d 449 (1977). The statute is of the kind designed to "give citizens a voice on questions of public policy." James v. Valtierra, 402 U.S. 137, 141 (1971).
This statutory right to direct involvement in the municipal legislative process has been broadly interpreted by the Wisconsin Supreme Court where questions of the proposal's constitutionality have been raised. In Althouse, the court reviewed the action of the Madison Common Council refusing to place a proposed ordinance either on its agenda or before the voters in a referendum pursuant to sec. 9.20(4), Stats. The council based its action on its opinion that the ordinance *Page 42 
was unconstitutional. Id. at 104. The court rejected this basis for council refusal to act: "It seems clear that, under the preemptory statutory provisions of sec. 9.20, Stats., the common council has no authority whatsoever, in respect to direct legislation, to make an initial judgment of the constitutionality or validity of the proposed legislation."Id. at 110. The court acknowledged that the only exception in this regard is where "the unconstitutionality is clear from prior adjudications on the same subject matter." Id. (Citation omitted.)
There are, however, circumstances where, upon court review, it has been determined that a common council properly can refuse to take action on a petition in proper form because of its merits or subject matter. It has been held that a proposed initiative which concerns administrative matters is not the proper subject of direct legislation under sec. 9.20, Stats. In Heider v. Cityof Wauwautosa, 37 Wis.2d 466, 155 N.W.2d 17 (1967), the court determined that a proposal to tailor the method of the city's expenditure of school improvement funds was "an attempt to interfere with the administrative duties of the city council and the city plan commission." Id. at 474. It therefore determined that the city council properly refused to act on the proposal.
A proposal otherwise in proper form may also be refused further formal consideration because it attempts to alter existing statutory authority. "[W]here a statute has conferred a procedure upon a body, electors may not demand the submission of a question which would modify the statutory authority." Id. at 477; Flottumv. Cumberland, 234 Wis. 654, 291 N.W. 777 (1940).
An additional established requirement for initiatives is that they cannot be used to repeal existing legislation. Landt v.Wisconsin Dells, 30 Wis.2d 470, 476, 141 N.W.2d 245 (1966). Nor can an initiative be used to more than "incidentally" modify an existing measure. Heider at 479.
This brief review of authoritative interpretations of sec.9.20, Stats., indicates that in appropriate circumstances proposed initiatives need not be either voted on by the common council or set for a referendum as otherwise required by sec.9.20(4), Stats. This responds to the part of your request relating to grounds which may justify a petition not being acted upon which in other respects is properly prepared. *Page 43 
The second part of your question concerns the proper role, if any, for the city clerk to play in these matters. On this matter the courts have provided considerably less guidance.
The factual circumstances underlying all of the Wisconsin cases cited supra, involved the city council's refusal to act upon a petition already forwarded to it by the clerk. Thus, the precise authority of the clerk was not a matter necessary for the court's resolution in any case. This factual and legal setting is important because the court in these cases has used language that on its face appears to vest no discretion in the clerk:
 The petition must be signed by a number of electors equal to not less than 15 percent of the vote cast in the city for governor at the last general election. If these statutory requirements are met, the city clerk so certifies. The ordinance or resolution must then be passed.
Heider at 473. "If a petition fulfills the statutory requirements, the clerk so certifies, and the proposed ordinance or resolution must thereupon be passed by the council." Landt at 473.
But this reading of the statute appears to ignore parts of the statute describing the clerk's duties and to assign a less discretionary role to the clerk than is possessed by the council. This reading is not supported by elementary rules of statutory construction which require that each word in a statute insofar as practical be given its ordinary meaning, and that where similar matters are treated differently, the differences are to be carefully considered. See generally, 2A C. Sands, Statutes andStatutory Construction, secs. 46.06 and 51.01 (4th Ed. 1973).
The initiative statute requires that the clerk "shall determine by careful examination whether the petition is sufficient and whether the proposed ordinance or resolution is in proper form. . . . If the petition is found to be insufficient or the proposed ordinance or resolution is not in proper form, [the clerk] shall give the particulars, stating the insufficiency or improper form." Sec. 9.20(3), Stats. This description of the analytical and formal reporting role of the clerk is explicit and extensive. It is in marked contrast to the absence of any expression of a discretionary or reviewer's role for the council. "The common council shall, without alteration, either pass the ordinance . . . or submit it to the electors." Sec. 9.20(4), Stats. *Page 44 
I conclude that, where the authority to review and decline to further consider a petition has been found in the statutory language conferring authority on the council, at least as extensive an authority is vested in the city clerk.
Because of the seriousness of this responsibility, and the assistance that would be afforded a court should it be necessary to review such a determination, the provisions of the statute requiring the clerk to "give the particulars, stating the insufficiency" should be strictly adhered to. Further, the advice of appropriate legal counsel appears to be an essential element of making this determination and properly stating its grounds. The mere recitation of legal conclusions without adequate "particulars" may not fulfill the clerk's function assigned by the statute.
The law clearly favors direct legislation. See Althouse. This suggests to me that a clerk should reject petitions only where a substantive insufficiency clearly exists and that the clerk should resolve any doubt in favor of the sufficiency of the petition.
It is therefore my conclusion that, in proper circumstances, a city clerk has the authority to refuse to forward to the city council an otherwise proper ordinance based on one or more of the reasons outlined in your letter. The clerk also has the concomitant obligation to state with reasonable particularity the basis for the refusal.
BCL:FJS