Cyril SCHAEFER, and Charles Ragatz, Plaintiffs-Respondents,

v.

VILLAGE BOARD OF the VILLAGE OF POTOSI, GRANT COUNTY, WISCONSIN, Defendant-Appellant.

Court of Appeals

*No. 92–2536. Submitted on briefs December 18, 1992.—Decided May 20, 1993.*

(Also reported in 501 N.W.2d 901.)

 

For the defendant-appellant the cause was submitted on the brief of *Robert P. VanDeHey* of *Hoskins, Brown, Kalnins, McNamara & VanDeHey* of Lancaster.

For the plaintiffs-respondents the cause was submitted on the brief of *Mark Bromley* of *Kinney, Urban, Schrader, Bromley, Kussmaul & Soman* of Lancaster.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

SUNDBY, J. This appeal involves an attempt by electors of the Village of Potosi to initiate legislation under sec. 9.20, Stats., to control the installation of sidewalks and the provision of parking on a portion of State Trunk Highway (STH) 133 in the village. The village board appeals from a circuit court order making absolute a writ of mandamus directing the board to either adopt the initiated resolution or submit it to the electors at the next general election.

The village board claims that the initiated resolution deals with administrative matters reserved by statute to the village board which are not a proper subject of direct legislation. The board also argues that the resolution was not properly initiated because it

sought to rescind or repeal existing legislation. We agree and reverse the order.

■

The facts are stipulated and the parties agree that application of law to the facts presents a question of law which we decide independently of the trial court's decision. *Kania v. Airborne Freight Corp.*, 99 Wis. 2d 746, 758–59, 300 N.W.2d 63, 68 (1981). The stipulated facts include the following. The Wisconsin Department of Transportation (DOT) is scheduled to improve STH 133 in the village. The village board, acting under sec. 61.36, Stats., voted to have DOT install sidewalks along portions of the highway and widen the highway to allow on-street parking on other portions. Respondents and others initiated the following resolution and requested that the village board adopt the resolution without alteration, or submit it to the electors for their vote, in accordance with sec. 9.20, Stats.:

> 1. The prior decision of the Village Board of the Village of Potosi to install sidewalk on East Street from the east end of Inlot 140 [e]ast to Slazing Road in the Village of Potosi, Grant County, Wisconsin, is hereby rescinded.
>
> 2. No sidewalk shall be installed or reinstalled on either side of East Street from east end of Inlot 140 [e]ast to Slazing Road in the Village of Potosi, Grant County, Wisconsin[.]
>
> 3. Parking shall be allowed on both sides of Main Street from the west side of Inlot 122 south to the open flume at the Masonic Lodge and on South Main Street from the south end of the open flume, to 4th Street.

4. Parking shall be allowed on the north side of Main Street from a point 1,300 feet south of 4th Street to Mineral Street.

5. Parking shall not be allowed on either side of the street from the west side of Inlot 122 east to Slazing Road.

The village board refused to adopt the resolution or submit it to the electors because the board concluded that matters dealt with in the initiated resolution were not proper subjects of direct legislation under sec. 9.20, Stats. The respondents began this action against the village board for mandamus relief and, on September 15, 1992, the circuit court issued an order requiring the board to either adopt the initiated resolution or submit it to the electors in accordance with sec. 9.20. After the board appealed, we denied the board's motion for a stay of the trial court's order and on November 3, 1992, the resolution was approved by the electors voting in the general election.

The circuit court concluded that the proposed resolution addressed a new project which required substantial taxation to pay the costs thereof. Therefore, the court reasoned that the resolution proposed legislative action.

It is true that the improvement of STH 133 is a new project. But the village board has already dealt with the subject matter of the proposed resolution. The resolution would reverse decisions already made by the village board. Section 1 of the initiated resolution rescinds the decision of the board to install sidewalks along a portion of STH 133. Section 2 makes the decision not to install such sidewalks. Sections 3, 4 and 5 do not propose to repeal the board's decision to authorize DOT to widen STH 133, but propose to rescind the board's decision as to on-street parking.

The village board contends that the proposed resolution may not be initiated under sec. 9.20, Stats., for three reasons. First, the resolution deals with administrative action rather than legislative action. Second, it infringes on the authority delegated to the village board by statute. Finally, it does not propose new legislation, but seeks to repeal existing legislation.

We base our decision on the board's latter two contentions. The legislature has delegated to the village board the authority to lay out, open, change, widen or extend village streets and to build, alter, repair or otherwise improve sidewalks. Section 61.36, Stats. The proposed resolution would undermine the authority vested in the village board by the legislature.

The respondents do not deny that the purpose of the initiated resolution is to review and rescind decisions of the village board as to the DOT's improvement of STH 133. They argue, however, that because the resolution deals with a matter of "permanence," it is subject to the power of initiative.

Whether an initiated ordinance or resolution deals with a matter of permanence is not the test. The power of initiative does not extend to legislative decisions which have already been made by the legislative body. *Landt v. City of Wisconsin Dells*, 30 Wis. 2d 470, 475–78, 141 N.W.2d 245, 247–49 (1966). The legislative history of sec. 9.20, Stats., makes clear that the power of referendum has been withdrawn from the electors. *Id.* at 476, 141 N.W.2d at 248. The first initiative law, ch. 513, Laws of 1911, created a referendum as well as an initiative procedure. Sections 39*i* to 39*l*, Stats. (1911). The referendum procedure allowed the electors to have submitted to their vote ordinances or resolution already adopted. After that procedure was

declared unconstitutional as to counties in *Meade v. Dane County*, 155 Wis. 632, 145 N.W. 239 (1914), the legislature repealed the power of referendum.

The resolution initiated by respondents expressly "repeals" the decision of the board to authorize DOT to install sidewalks along STH 133. The resolution is not express as to the provision of parking. However, its provisions in that respect are "so contrary to or irreconcilable with those of the earlier law that only one of the two statutes can stand in force . . . ." *Heider v. City of Wauwatosa*, 37 Wis. 2d 466, 478, 155 N.W.2d 17, 23 (1967) (quoting BLACK'S LAW DICTIONARY (4th ed. 1951), defining "repeal"). We conclude that the proposed resolution impermissibly seeks to review and repeal existing legislation.

■

While the issuance of a writ of mandamus lies within the discretion of the circuit court, the exercise of the court's discretion under a mistaken view of the law is an erroneous exercise of the court's discretion. *State ex rel. Althouse v. City of Madison*, 79 Wis. 2d 97, 106, 255 N.W.2d 449, 453 (1977). We therefore reverse the court's order.

*By the Court.*—Order reversed.